2760 Milwaukee Avenue Building Corporation, Appellant, v. Robin Redbreast Hosiery Company, Inc., Appellee.

Gen. No. 40,092.

Opinion filed December 30, 1938.

Thomas Hart Fisher and Willard C. Walters, both of Chicago, for appellant.

Pritzker & Pritzker, of Chicago, for appellee; Nicholas J. Pritzker and Stanford Clinton, of Chicago, of counsel.

Mr. Justice John J. Sullivan delivered the opinion of the court.

On December 1, 1937, plaintiff, 2760 Milwaukee Avenue Building Corporation, commenced an action of forcible detainer against defendant, Robin Redbreast Hosiery Company, for the recovery of the possession of the premises at 2758 Milwaukee avenue, Chicago, and joined therein its claim for $2,000 damages for the unlawful withholding of the possession of said premises from September 1, 1937, to November 30, 1937. In a trial by the court without a jury judgment was entered December 30, 1937, in favor of defendant and against plaintiff as to both of the latter's claims. Plaintiff appeals only from that portion of the judgment denying its claim against defendant for damages for wrongfully withholding possession of the store in question during the period aforesaid.

The parties entered into a written lease of the above described premises on May 24, 1934, for a term of 9 years and 2 months, commencing June 1, 1934. Defendant, as lessee, agreed to pay as rent therefor $110,000 payable in 110 monthly instalments of $1,000, and a certain percentage of its gross annual receipts, which latter are not involved in this proceeding. Under par. 2 of the lease the monthly rental instalments of $1,000 were due and payable in advance on the first day of each month during the demised term.

The lease contained the following additional pertinent provisions:

"Tenant Waives Notice:

"Par. 12. The Tenant expressly waives the service of any notice of intention to terminate this lease or for possession of said premises because of default in

the payment of rent; and in case of any other default hereunder, continuing for ten (10) days after written notice thereof, waives service of any demand for possession, or of any and every other notice or demand which may be prescribed by any law of the State in which said premises are located.

"...

"Payments After Termination:

"Par. 16. No payments of money by the Tenant to the Landlord after the termination of this lease, in any manner, or after the giving of any notice (other than a demand for the payment of money) by the Landlord to the Tenant, shall reinstate, continue or extend the term of this lease or affect any notice given to the Tenant prior to the payment of such money, it being agreed that after the service of notice or the commencement of a suit or after a final judgment granting the Landlord possession of said premises, the Landlord may receive and collect any sums of rent due, or any other sums of money due under the terms of this lease, and the payment of such sums of money, whether as rent or otherwise, shall not waive said notice or in any manner affect any pending suit or any judgment theretofore obtained.

"...

"Withholding of Premises:

"Par. 20. Should the Tenant withhold possession of the premises from the Landlord, after the termination of said lease, whether by lapse of time or by election of either party or in any other manner provided herein or by law and except in case of termination through lapse of time after written notice to vacate the premises has been given by the Landlord, the damages for which the Tenant shall be liable to the Landlord for such detention shall be and hereby are liquidated at a sum equal to double the rate of rental stipulated herein for the period of such detention; further, should the Tenant remain in the demised premises after

the termination of this lease, then in that event the Landlord may elect to consider such withholding of the premises as a holdover of this lease, and treat said tenant as a tenant for another year on the same terms and conditions as are contracted in this lease."

Defendant entered into possession of the premises as tenant on June 1, 1934, and paid the $1,000 monthly instalments of rent due to and including August, 1937. The monthly instalment of rent due September 1, 1937, not having been paid by September 20, 1937, plaintiff on the last mentioned date sent the following telegram to defendant's home office in New York City:

"Air mail tonight without fail rent check 2760 Milwaukee avenue or formal demand will follow."

The September rent check not having been forwarded by defendant in response to said telegram, plaintiff on September 22, 1937, wrote this letter to defendant:

"We have not as yet received your rent check for the month of September, 1937.

"In accordance with the terms of your lease you are in default. This is to notify you that we elect to, and do hereby, terminate and cancel your lease and the undersigned hereby demands possession of the above premises."

It is undisputed that the $1,000 monthly instalment for September, 1937, was received by plaintiff on September 25 or 26, 1937, and retained by it, that the instalment for October, 1937, was received by plaintiff October 2, 1937, and retained by it and that it also received the $1,000 monthly instalments for November and December, 1937. On October 11, 1937, plaintiff wrote a letter to defendant to the effect that the monthly instalments of $1,000 received by it for September and October were not accepted as rent but on account of the damages stipulated in par. 20 of the lease.

It is also undisputed that defendant regularly and customarily paid its monthly instalment of rent after

the first day of each month, which was the due date provided in the lease. The course of dealings between the parties in this respect is illustrated by the following table:

| Instalment | Date of Payment |
| --- | --- |
| November, 1934 | November 12, 1934 |
| December, 1934 | December 15, 1934 |
| May, 1935 | May 3, 1935 |
| June, 1935 | June 3, 1935 |
| July, 1935 | July 3, 1935 |
| August, 1935 | August 5, 1935 |
| September, 1935 | September 9, 1935 |
| October, 1935 | October 11, 1935 |
| November, 1935 | November 11, 1935 |
| December, 1935 | December 4, 1935 |
| January, 1936 | January 6, 1936 |
| February, 1936 | February 18, 1936 |
| March, 1936 | March 17, 1936 |
| April, 1936 | April 17, 1936 |
| May, 1936 | May 18, 1936 |
| June, 1936 | June 16, 1936 |
| July, 1936 | July 17, 1936 |
| August, 1936 | August 15, 1936 |
| September, 1936 | September 3, 1936 |
| October, 1936 | October 20, 1936 |
| November, 1936 | November 18, 1936 |
| December, 1936 | December 18, 1936 |
| January, 1937 | January 27, 1937 |
| February, 1937 | February 3, 1937 |
| March, 1937 | March 4, 1937 |
| April, 1937 | April 6, 1937 |
| May, 1937 | May 4, 1937 |
| June, 1937 | June 10, 1937 |
| July, 1937 | July 15, 1937 |
| August, 1937 | August 20, 1937 |

Plaintiff contends that "the letter of its agent dated September 22, 1937, was effective to terminate the de-

fendant's lease and therefore the defendant was liable to the plaintiff for the use and occupation of the premises until such time as possession was delivered over to the plaintiff at the rate of $2,000 per month as provided in paragraph 20 of the lease; and that by virtue of paragraph 16 of the lease the acceptance of $1,000 on two occasions after notice of the termination of the lease, where such acceptance was accompanied by a statement that the $1,000 was not accepted as rent, did not cure the defendant's default under the lease and avoid the termination theretofore declared.''

The only theory advanced by defendant in its brief which we deem it necessary to consider is that ''since unlawful withholding of possession of the premises is the basis of both the claim for possession and the claim for damages, the acquiescence of the plaintiff in that part of the judgment below denying it possession of the premises in controversy precludes and estops plaintiff from appealing on the question of damages.''

This proceeding when instituted was not merely a suit for damages but was a joint action in which plaintiff sought primarily to recover possession of the premises which it claimed were being unlawfully withheld and also to recover damages for the refusal of defendant to surrender possession thereof after the alleged forfeiture of the lease. As heretofore stated plaintiff has limited its appeal to the adverse finding and judgment of the trial court on the question of damages it claims should have been awarded it by reason of defendant's wrongful withholding. The adverse finding and judgment of the trial court on the paramount question of plaintiff's right to possession of the store, which it has not and cannot now appeal from, is a final adjudication. Plaintiff having acquiesced in the judgment on the issue as to whether it or defendant had the right to possession, is not its appeal only from that portion of the judgment which denied it an award of damages to say the least inconsistent?

Both its claim to the right to possession and its claim for damages arose from the same alleged unlawful withholding of possession by defendant. If defendant unlawfully withheld the premises, then plaintiff was entitled to recover possession of same and an award of damages. If, on the other hand, defendant's withholding of possession was lawful, as the trial court held, then plaintiff was entitled neither to possession nor damages.

Plaintiff's acquiescence in the judgment of the trial court that defendant was rightfully in possession of the premises and that plaintiff was not entitled to recover possession thereof, is absolutely inconsistent with this appeal on the question of damages alone. What would be the result if this court reversed the judgment of the trial court on the question of damages and entered judgment here in favor of plaintiff for the damages claimed? Then there would be in this cause two final adjudications. One a judgment of the trial court that defendant was not wrongfully withholding possession of the premises and was entitled to retain possession thereof and the other the judgment of this court that defendant was wrongfully withholding possession of the premises and that plaintiff was entitled for that reason to recover damages from defendant.

Regardless of the several provisions of the lease and the notice to defendant of the termination thereof, which plaintiff relies upon to sustain its claim for damages, we are impelled to hold that, its right to recover damages being so inseparably bound up with and dependent upon its establishment of its right to possession, its failure to bring up the entire judgment for review constitutes a waiver of its right to appeal from the judgment only in so far as it denied the damages claimed.

In any event, since the final unappealed adjudication of the trial court as to the right to possession of

the premises was adverse to plaintiff, in our opinion it is barred from further prosecution of any claim for damages dependent upon its right to possession. We think that the principle of estoppel by verdict is peculiarly applicable to the situation here presented. In discussing the doctrine of estoppel by verdict, in *Chicago Title & Trust Co. v. National Storage Co.*, 260 Ill. 485, the court said at p. 493: "An estoppel by verdict is but another branch of the doctrine of *res judicata,* and it rests upon the same principle of law,—that is, that a matter once litigated between parties to a final judgment in a court of competent jurisdiction cannot again be controverted. When this doctrine is applied to a single question or point arising in the course of litigation which has finally been adjudicated it is designated as an estoppel by verdict, and the same question or point cannot again be litigated between the same parties in the same or any other court at law or in chancery, and neither party, nor their privies, will be permitted to allege anything inconsistent with the finding upon that question."

Defendant's motion to dismiss the appeal heretofore filed and reserved to hearing is at this time denied.

For the reasons stated herein the judgment of the municipal court is affirmed.

*Judgment affirmed.*

BURKE, P. J., and FRIEND, J., concur.