J. Masters and Susan T. Masters, Plaintiffs-Appellants, v. Central Illinois Electric & Gas Co., Frank Wojcik and A. F. Wojcik, partners d/b/a Wojcik Construction Co., A. Reyner Eastman, Aubrey J. Gregory and Hilmer T. Anderson, partners d/b/a Gregory Excavating Co., Defendants-Appellees.

Gen. No. 11,049.

Second District, First Division.
October 9, 1957.
Rehearing denied November 1, 1957.
Released for publication November 1, 1957.

Pedderson, Menzimer & Conde, of Rockford (L. W. Menzimer and Dale F. Conde, of counsel) for appellants.

Ralph H. Haen and Hyer, Gill & Brown, of Rockford, for appellees.

JUSTICE McNEAL delivered the opinion of the court.

This action was brought by the plaintiffs, J. Paul Masters and Susan T. Masters, to recover damages occasioned by a gas explosion which demolished their newly constructed dwelling house and contents. Plaintiffs alleged that the explosion was caused by the negligence of the Central Illinois Electric & Gas Co., which installed a gas service line, Frank Wojcik and A. F. Wojcik, partners d/b/a Wojcik Construction Co., general contractors who built the house, A. Reyner Eastman, architect who supervised the construction, and Aubrey J. Gregory and Hilmer T. Anderson, partners d/b/a Gregory Excavating Co., whose employee struck the service line with a grading machine, there-

by pulling the line loose from the gas meter in the house and allowing the escape of gas which exploded.

On the first trial the court directed verdicts in favor of the Construction Company and the architect Eastman at the close of plaintiffs' case, the jury returned a verdict for $42,000 against the Gas Company, and found the Excavating Company not guilty. On posttrial motions the court granted the Gas Company's motion for judgment notwithstanding the verdict, and allowed plaintiffs' motion for a new trial as to the Excavating Company. This court denied the Excavating Company's petition for leave to appeal, affirmed the judgments in favor of the architect and Construction Company, and reversed and remanded for a new trial as to the Gas Company. Masters v. Central Ill. Electric & Gas Co., 7 Ill.App.2d 348.

The second trial resulted in a hung jury. At the third trial the jury returned a verdict finding the Gas Company and the Excavating Company not guilty and judgment was entered on the verdict. Plaintiffs' posttrial motion was denied and plaintiffs appealed.

The complaint and factual situation are set forth fully in the former opinion. Plaintiffs state that the evidence in this record is identical with that on the former appeal, and defendants have pointed out no substantial difference. On the former appeal this court held that the trial court properly directed a verdict in favor of the Construction Company because there was no evidence of negligence, and in favor of the architect because there was no evidence that he violated any duty he owed to plaintiffs. On the third trial the Gas Company and Excavating Company proceeded on the theory that the architect or the Construction Company was negligent; that such negligence contributed to cause the explosion; and therefore that plaintiffs could not recover on account of the contributory negligence of "their agent or agents." The trial

98

court adopted defendants' theory and instructed the jury accordingly.

On this appeal plaintiffs contend that by the former verdict and judgment the defendants were estopped from claiming that the architect and the Construction Company were guilty of negligence; that the trial court erred in giving instructions tendered by defendants; and that the verdict finding the Gas Company and Excavating Company not guilty is contrary to the manifest weight of the evidence.

■ The rules applicable to the doctrine of former adjudication and estoppel by verdict have been defined by the Supreme Court in many cases. "An estoppel by verdict is but another branch of the doctrine of res judicata, and it rests upon the same principle of law; that is, that a matter once litigated between parties to a final judgment in a court of competent jurisdiction cannot again be controverted. When this doctrine is applied to a single question or point arising in the course of litigation which has finally been adjudicated, it is designated as an estoppel by verdict, and the same question or point cannot again be litigated between the same parties in the same or any other court of law or in chancery, and neither party, nor their privies, will be permitted to allege anything inconsistent with the finding upon that question." Chicago Title & Trust Co. v. National Storage Co., 260 Ill. 485, 493.

"In applying the doctrine of estoppel by judgment, the distinction has been made between the finality of a judgment as a bar or estoppel where the second demand is for the same cause of action and between the same parties or their privies as the former action and those cases where the second action is between the same parties but upon a different claim or cause of action. If the action is of the former class, the judgment operates as an estoppel not only as to every

99

matter actually litigated in such action, but extends to all grounds of recovery or defense which might have been presented." Ohio Nat. Life Ins. Co. v. Board of Education, 387 Ill. 159, 167.

"Where some controlling fact or question material to the determination of both causes has been adjudicated in the former suit by a court of competent jurisdiction, and the same fact or question is again at issue between the same parties or their privies, its adjudication in the former suit if properly pleaded, will be conclusive of the same question in the latter suit. This is so irrespective of the question whether the cause of action is the same in both suits. . . . Under this rule in order that the judgment in the first suit shall operate as an estoppel in the second suit, it must appear on the face of the record or be shown by extrinsic evidence that the precise question was raised and determined in the first suit." City of Elmhurst v. Kegerreis, 392 Ill. 195, 202.

In Good Health Dairy Products Corp. v. Emery, 275 N. Y. 14, 9 N.E.2d 758, 112 A. L. R. 401, the Dairy and its driver, Vandeville, brought suit for damages to its truck and for his personal injuries against Mary Emery, owner, and her son, William, driver of her automobile which collided with the truck. She counterclaimed for property damage to her auto. The Court of Appeals held that the Emerys could plead as an additional defense that in another suit William had recovered judgments against the Dairy and Vandeville. The court said: that since it had been adjudicated that the operator of Mary Emery's automobile was not negligent as to the plaintiffs, that question was foreclosed and the plea of res judicata was available to her. The court referred to Portland Gold Mining Co. v. Stratton's Independence, 158 F. 65, 68, wherein the Eighth Circuit Court of Appeals said that if a defendant's responsibility is necessarily depend-

ent upon the culpability of another, who was the immediate actor, and who, in an action against him by the same plaintiff for the same act, has been adjudged not culpable, the defendant may have the benefit of that judgment as an estoppel. The New York Court of Appeals further said: "Thus it has been held that where the liability of a principal or master is derivative, a judgment on the merits in favor of the servant or agent from whom the liability is derived may be set up as a defense by the principal or master, although he was not a party to the earlier action. . . . Under such circumstances the judgment is held to be conclusive upon those who were parties to the action in which the judgment was rendered. Where a full opportunity has been afforded to a party to the prior action and he has failed to prove his freedom from liability or to establish liability or culpability on the part of another, there is no reason for permitting him to retry these issues."

In Voss Truck Lines, Inc. v. Pike, 350 Ill. App. 528, Voss, owner of a trailer, and Curtis, owner of a tractor, brought suit in Sangamon county against Pike, owner of a truck, and the administrator of the estate of Howard, deceased driver of the truck, for damages resulting from a collision of the vehicles. Both defendants answered and Pike counterclaimed against both plaintiffs for damages to the truck, alleging that Price was Voss' driver of the tractor, leased by Curtis to Voss. Plaintiffs moved for summary judgment on the ground that Price had obtained a verdict and judgment against Pike in a McLean county suit in which Pike had answered and counterclaimed against Price, and also against Voss and Curtis who were made additional parties. The circuit court in Sangamon county allowed the motion for summary judgment finding Price, Voss and Curtis not guilty on Pike's counter-

101

claim against them, and awarding damages to Voss and Curtis.

The Appellate Court, Third District, held that the McLean county judgment was not conclusive on the question of the contributory negligence of the plaintiff Voss, because it was not determined by that judgment that Voss could be guilty of no negligence contributing to the accident aside from the acts or conduct of its servant, Price, and reversed and remanded the case for trial on the merits. However, the Court said (p. 536): "As to the contributory negligence of Price, insofar as it is involved in the Sangamon County case, and the negligence of Pike, there would seem to be no question but that Voss is entitled to the benefit of an estoppel by verdict and the findings in the McLean County case are binding as between Voss and Pike."

In Hanna v. Read, 102 Ill. 596, 603, the court said that estoppel by verdict "is equally available to a plaintiff in support of his action, when the circumstances warrant it, as when offered by a defendant as a matter of defense."

 We take judicial notice of the record on the former appeal. (Rose v. Dolejs, 7 Ill.App.2d 267, 270.) On the face of that record the issues on the former trial were defined by plaintiffs' amended four count complaint and separate answers thereto filed by the four defendants. In each count plaintiffs alleged that they were in the exercise of due care and defendants severally denied such allegations. On these issues of due care the Gas Company and Excavating Company were afforded full opportunity on the first trial to establish that the plaintiffs were guilty of contributory negligence by "their agent or agents, if any," including the architect or the Construction Company. That the Gas Company was aware of this opportunity is indicated by the contention in its brief on the first

102

appeal that "The plaintiffs and their agent were guilty of contributory negligence as a matter of law."

Whether or not the architect or the Construction Company had any legal duty to the plaintiffs or were guilty of any negligence were questions material to the determination of liability on the first trial. On these material questions the trial court directed the jury to find the architect and the Construction Company not guilty at the close of plaintiffs' case, and after denying their motion for a new trial, entered judgment that said defendants go hence without day. This action by the trial court involved the merits of the case and constituted a final adjudication that such defendants were not guilty of any negligence, subject only to appeal.

Counsel for the Gas Company contends that: "The adjudication of the negligence of the Architect Eastman upon the first appeal, having been limited to the record at the end of the then plaintiffs' case, is not res adjudicata upon this appeal when the full record is before this Court," citing Penn Plate Glass Co. v. J. H. Rice Co., 216 Ill. 567. The cited case involved two trials and two appeals to the Appellate Court in an action between a single plaintiff and a single defendant. There was no final adjudication not subject to appeal until after the Supreme Court had affirmed a judgment entered by the Appellate Court on the second appeal. The decision is not applicable here.

It seems to us that the record conclusively shows: that there was identity of the parties and causes of action upon the two trials; that a controlling fact or question material to the determination of both cases was adjudicated on the first trial; that since it had been finally adjudicated upon the first trial and affirmed on appeal that the architect and the Construction Company were not guilty of any negligence which proximately caused the explosion, such adjudication

103

was conclusive upon the question of plaintiffs' contributory negligence derived through any negligence on the part of either of those defendants; that upon the third trial plaintiffs were entitled to the benefit of the adjudication on the former trial and the former judgment was binding and conclusive upon all parties to the record including the defendant Gas Company and Excavating Company; and we so hold. With these conclusions in mind we turn to the instructions given for defendants over plaintiffs' objections.

The Gas Company's instructions IX, XIII, XIV, XV and XVI read as follows:

"IX. The Court instructs the jury that neither Plaintiff is entitled to recover against the Defendant, Central Illinois Electric & Gas Co., unless he or she proves by a preponderance of the evidence—

First: That the Defendant, Central Illinois Electric & Gas Co. was guilty of negligence as charged in the complaint which proximately caused the loss in question.

Second: That the Plaintiff, himself or herself, or their agent or agents, if any, were not guilty of any negligence or lack of care and prudence which proximately contributed in whole or in part to the damages for which recovery is sought.

The Court further instructs you that if the Plaintiff fails to prove any of these propositions by a preponderance or greater weight of the evidence, your verdict should be for the Defendant, Central Illinois Electric & Gas Co."

"XIII. The Court instructs the jury that the Plaintiffs must prove by a preponderance of the evidence that they and their agent or agents, if any, conducted themselves as ordinarily prudent and careful people would conduct themselves for the protection of their property under the facts and circumstances in evidence in this case, and if the Plaintiffs fail to so allege and

prove such care by a preponderance of the evidence, then they are not entitled to recover in this case."

"XIV. The Court instructs the jury that if you believe from the evidence of this case A. Reyner Eastman had superintendence and direction of the grading of the Plaintiffs' property, then in this case he was the agent of the Plaintiffs in this respect.

The Court further instructs you that if, under the evidence in the case, Eastman was the agent for the Plaintiffs, and in the performance of his duty was guilty of any act or omission which under the evidence in this case was negligent and such act or omission proximately contributed to cause the accident, you should find the Defendant, Central Illinois Electric & Gas Co., not guilty."

"XV. The Court instructs the jury that if you believe from the evidence that A. Reyner Eastman, pursuant to an arrangement with J. Paul Masters assumed the direction and control of the grading and excavating in the Plaintiffs' lawn, then the burden is on the Plaintiffs to prove that said Eastman was not guilty of any act or omission in the performance of his duties which under the evidence in the case was negligent and which proximately contributed to cause the accident; and the Court further instructs you that unless the Plaintiffs do so prove, they are not entitled to recover in this case."

"XVI. The Court instructs the jury that while the law imposes upon the Defendant, Central Illinois Electric & Gas Co., the duty defined in this Instruction, it also imposes upon the Plaintiffs and their agent or agents, if any, to protect their property by the exercise of that care and caution which an ordinarily careful person would have exercised under the circumstances.

The Court further instructs you that unless the Plaintiffs prove by a preponderance of the evidence

that they and their agent or agents, if any, did exercise such care, they cannot recover in this case."

The Excavating Company's instruction XIII is substantially the same as Gas Company's instruction IX, except for the name of the defendant and the use of the words "or through their agents or servants" instead of "or their agent or agents, if any," in the second proposition of the instruction.

In their arguments before the jury the only persons referred to by defendants' counsel as such agents were the architect and the Construction Company. By the above instructions the burden of proving that such agents were free from negligence was cast upon the plaintiffs, and the jury was required to determine the negligence of the architect and the Construction Company as plaintiffs' "agents" or "servants." Both of them had been exonerated from any culpability by the former adjudication and by such exoneration defendants were foreclosed from asserting anything inconsistent with such adjudication. Applying the law relative to former adjudication to the facts in the instant case, we conclude that the above instructions were substantially erroneous and that they necessarily misled and prejudiced the jury in arriving at its verdict.

Plaintiffs also contend that these instructions were erroneous because the evidence shows that the architect and the Construction Company were independent contractors and not agents or servants. Since it had been adjudged that both of them were not negligent, it matters not whether they were agents or independent contractors, and it is not necessary to decide that question.

 A complete recital of all the defects complained of in defendants' instructions would unduly prolong this opinion. It should be noted, however, that all of the above instructions are peremptory in form. For the plaintiffs the Court gave seven instructions, none

of which was peremptory. Eight of the seventeen instructions given for defendants were peremptory, and on nine occasions the jury was reminded that plaintiffs were required to prove their case by a preponderance of the evidence. The giving of an inordinate number of peremptory instructions has been repeatedly condemned. Moore v. Daydif, 7 Ill.App.2d 534, 538; Stone v. Warehouse & Terminal Cartage Co., 6 Ill.App.2d 229, 236; Baker v. Thompson, 337 Ill. App. 327.

Instruction X for the Gas Company is as follows:

"The Court instructs the jury that Central Illinois Electric & Gas Co. in the installation of its gas service in the premises of the Plaintiffs was acting under the direction and permission of the Plaintiffs, and as a result had a possessory interest protected from invasion or damages by subsequent users. . . ."

■ Counsel for the Gas Company argues that instruction X told the jury that by installing the gas service with plaintiffs' permission the company had a possessory interest in plaintiffs' premises, and merely applies the doctrine of Illinois Bell Tel. Co. v. Charles Ind Co., 3 Ill.App.2d 258; and that "this was not only an accurate statement of fact and law but was in no sense misleading." The Ind case was an action tried before the court without a jury to recover for damages inflicted by defendant's ditch-digging machine to a telephone cable buried under a public street, as provided by ordinance. In discussing the nature of this permit, this court said (p. 274) that the utility took from the municipality a possessory or proprietary interest which is "protected from invasion or damage by subsequent users."

In the instant case the company's right to install or maintain the service line in plaintiffs' premises was not questioned, and damage to the line was not involved. The language lifted from the context of the opinion in the Ind case and used in this instruction

107

was wholly inapplicable here. In addition to invading the province of the jury in determining the facts, we think that instruction X was susceptible of telling laymen on the jury that by installing its gas service the company acquired protection from invasion for damages sustained by subsequent gas users, i.e. the plaintiffs, regardless of any negligence in the installation. This instruction was highly misleading and prejudicial to plaintiffs.

■ Plaintiffs object to Excavating Company's instruction II, as follows:

"The Court instructs the jury that no juror should consent to a verdict which does not meet with the approval of his own judgment and conscience after due deliberation with his fellow jurors, and after considering all the evidence admitted by the Court and the law, as given in the Instruction of the Court."

Instruction II has been disapproved by the Supreme Court (City of Evanston v. Richards, 224 Ill. 444, 448; People v. LeMorte, 289 Ill. 11, 19), has been condemned repeatedly as tending to encourage a disagreement of the jury (Alexander v. Sullivan, 334 Ill. App. 42, 48; Gehrig v. Chicago & Alton R. Co., 201 Ill. App. 287, 294; Mandel v. Bloomington & N. Ry. & L. Co., 188 Ill. App. 227), and should not have been given.

■ On substantially the same facts three juries have reached different conclusions, indicating that this is a close case on the merits. Where the facts are close it is important that the jury be instructed correctly. Anderson v. Middleton, 350 Ill. App. 59, 63; Sharp v. Brown, 349 Ill. App. 269, 273. Many instructions given for defendants have been repeatedly condemned and others were erroneous in substance. The errors noted could not have been cured by other instructions and prevented plaintiffs from having a fair trial. Since the case must be reversed and remanded for a new trial, we express no opinion on the weight of the evidence.

The judgment of the circuit court is reversed and the cause remanded to the Circuit Court of Winnebago county for new trial.

Reversed and remanded.

DOVE, P. J. and SPIVEY, J., concur.