Harriett Hicks, Plaintiff-Appellant, v. Thomas H. Hicks, Defendant-Appellee.

Gen. No. 11,204.

Second District, Second Division.
January 16, 1959.
Released for publication February 3, 1959.

Jayne & Whiton, of Freeport and Franklin J. Stransky, of Chicago, for plaintiff-appellant.

Harold D. Nagel, of Stockton, for defendant-appellee.

PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This action was brought by plaintiff, Harriett M. Hicks, against the defendant, Thomas H. Hicks, former husband of plaintiff, by filing a complaint at law to recover damages alleged to have been occasioned by the fraud and deceit practiced upon plaintiff by the defendant. Defendant filed a motion, supported by affidavit, to dismiss the complaint upon the ground that the cause of action is barred by a prior judgment entered by the Circuit Court of Jo Daviess County, Illinois, on the 11th day of January, 1957, in Chancery No. 1807. Attached to defendant's motion to dismiss and affidavit in support thereof were copies of plaintiff's complaint entitled Bill of Review, defendant's answer, plaintiff's answer to affirmative allegations of the defendant, memo opinion of the Presiding Judge of the Trial Court and decree dismissing plaintiff's complaint, which were filed in Chancery No. 1807.

Plaintiff was on the 5th day of December, 1940, by decree entered by the Circuit Court of Jo Daviess County, divorced from the defendant. On October 17, 1955, the plaintiff filed in the Circuit Court of Jo Daviess County, a complaint in Chancery No. 1807, entitled Bill of Review seeking to vacate and set aside the divorce decree previously entered on December 5, 1940, because of alleged fraud and deceit practiced and committed by the defendant prior to, at the time of, and subsequent to the entry of the divorce decree. A decree was entered on January 11, 1957, in the chancery action dismissing it for want of equity.

The complaint in the case before us was filed on October 7, 1957. The trial court, in the instant case, sustained defendant's motion to dismiss the complaint on the ground that the cause of action was barred by the prior decree entered in Chancery No. 1807.

Plaintiff contends that the trial court committed reversible error in holding that the decree in the Bill of Review proceeding, being Chancery No. 1807, to set aside the 1940 divorce decree, was a bar to plaintiff maintaining her present action for damages. Defendant argues that the trial court was correct and that the present cause of action is barred by the decree in the prior chancery action under the doctrine of res judicata or estoppel by verdict.

■■ "An estoppel by verdict is but another branch of the doctrine of res judicata, and it rests upon the same principle of law; that is, that a matter once litigated between parties to a final judgment in a court of competent jurisdiction cannot again be controverted. When this doctrine is applied to a single question or point arising in the course of litigation which has finally been adjudicated, it is designated as an estoppel by verdict, and the same question or point cannot again be litigated between the same parties in the same or any other court at law or in chancery, and neither party, nor their privies, will be permitted to allege anything inconsistent with the finding upon that question." Chicago Title & Trust Co. v. National Storage Co., 260 Ill. 485; Masters v. Central Illinois Electric & Gas Co., 15 Ill.App.2d 95, 145 N.E.2d 269.

One of the leading cases in Illinois concerning the doctrine of estoppel by verdict is Hoffman v. Hoffman, 330 Ill. 413, 161 N. E. 723, wherein the Supreme Court stated at page 417 of 330 Ill. and at page 725 of 161 N. E., the following:

"Where a former adjudication is relied upon as an

absolute bar, there must be, as between the actions, identity of parties, of subject-matter and of cause of action. When the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. Where some controlling fact or question material to the determination of both causes has been adjudicated in the former suit by a court of competent jurisdiction and the same fact or question is again at issue between the same parties, its adjudication in the first cause will, if properly presented, be conclusive of the same question in the later suit, irrespective of the question whether the cause of action is the same in both suits or not. This is sometimes denominated as an 'estoppel by verdict.' Public Utilities Com. v. Smith, 298 Ill. 151."

We have read the complaint in the Bill of Review case, being Chancery No. 1807, and the complaint in the law case now before us and it is quite obvious that the allegations of fraud and deceit for all practical purposes are identical. When you strike out all of the allegations in the instant complaint that were alleged in the complaint in the chancery proceeding, there is nothing left that states a cause of action. The issues in both cases were thoroughly considered by the two trial courts involved. In the record before us, there are two thorough and well considered opinions. One by the chancellor in support of his decree dismissing Chancery Case No. 1807 for want of equity, and one by the trial court in support of its judgment sustaining the motion to dismiss and dismissing the law complaint filed in the instant case on the ground of estoppel by verdict.

In the instant case plaintiff based her cause of action on alleged fraud, perpetrated upon her by the defend-

142

ant, subsequent to the divorce of December 5, 1940. A reading of the complaint in the Bill of Review case reveals that it is apparent that plaintiff invoked the jurisdiction of a court of equity not only to determine whether fraud had been perpetrated upon her in procuring the divorce, but also whether a fraud had been perpetrated upon her subsequent to the divorce decree by the defendant. The chancellor, in the decree he entered in Chancery Case No. 1807, on January 11, 1957, and also in his written opinion which he incorporated in the decree by reference, did not make a specific finding of fact upon every allegation in the complaint and denied in the answer; however, it is clear from the decree and the written opinion, that the court had in mind all of the testimony in reference to fraud, both before and after the decree of divorce, and made a finding that plaintiff had failed to make out a case based upon all of the alleged fraudulent acts.

■ ■ We find that the trial court committed no reversible error in the application of the doctrine of estoppel by verdict and sustaining defendant's motion to dismiss the complaint. The controlling fact or question material to the determination of both causes, being the alleged fraudulent acts of the defendant, had fully been adjudicated in the former chancery proceeding. The present law case is an attempt to relitigate the same issues of fact, previously determined. The former adjudication is now conclusive, irrespective of whether the causes of action are the same. This is the very objective of the doctrine of res judicata to give a degree of finality to all judicial determinations.

For the reasons herein stated, the judgment of the Circuit Court of Jo Daviess County dismissing the complaint at law should be and the same is hereby affirmed.

Judgment affirmed.

CROW and SOLFISBURG, JJ., concur.