Edna STANGLE, Plaintiff-Appellant,

v.

CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a corporation, Defendant-Appellee.

No. 13269.

United States Court of Appeals Seventh Circuit.

Oct. 25, 1961.

Rehearing Denied Dec. 14, 1961.

James A. Dooley, Chicago, Ill., for appellant.

O. L. Houts, Joseph P. Carr, Chicago, Ill., Ware Adams, Chicago, Ill., of counsel, for appellee.

Before KNOCH and CASTLE, Circuit Judges, and MERCER, District Judge.

CASTLE, Circuit Judge.

This appeal involves a diversity action in which Edna Stangle, plaintiff-appellant, seeks to recover damages for personal injuries alleged to have been occasioned by negligence of the Chicago, Rock Island and Pacific Railroad Company, defendant-appellee. The action arises out of a collision between an automobile plaintiff was driving and a passenger train of the defendant. Defendant's answer denied negligence constituting proximate cause and asserted that plaintiff's injuries were caused or contributed to by plaintiff's own negligent and careless acts. The District Court, on defendant's motion, entered summary judgment for the defendant on the ground that a previous finding and adjudication in a state court action between the administrator of plaintiff's passenger, as plaintiff, and the instant plaintiff and defendant, as defendants, estops plaintiff from maintaining the present action. Plaintiff appealed.

Plaintiff's contention that the District Court erred is predicated on the assertion that estoppel may not be invoked because the parties were not adversaries in the prior state court proceeding and the issue of plaintiff's conduct not the subject of formal pleadings between them in which one sought relief against the other.

In the state court action Lillian Zank a guest-passenger in the automobile involved in the collision brought suit against Edna Stangle and the defendant railroad charging both with wilful and wanton conduct and the railroad with ordinary negligence. Each defendant denied the respective allegations and the railroad asserted that its co-defendant Edna Stangle was guilty of wilful and wanton conduct which was the proximate cause of the collision. During pendency of the proceeding Lillian Zank died and her administrator filed an amended complaint and the suit proceeded to judgment against both defendants.

In the state court action the following special interrogatory was submitted to the jury by Edna Stangle:

"Was the defendant, Edna Stangle, guilty of wilful and wanton misconduct, as defined in these instructions, in the operation of her automobile at the time of or just before the occurrence of January 3, 1952? Answer 'Yes' or 'No'."

The jury returned an answer of "Yes" to the interrogatory. The finding was sustained on appeal and a general judgment against both defendants, entered on the jury's verdict, affirmed. Zank v. Chicago, Rock Island & Pac. R. R. Co., 19 Ill.App.2d 278, 153 N.E.2d 482; 17 Ill. 2d 473, 161 N.E.2d 848 and 26 Ill.App.2d 389, 168 N.E.2d 472.

■■ This is a diversity action and Illinois law governs. To support her contentions plaintiff relies upon cases from other jurisdictions. Whatever the rule may be elsewhere, in Illinois parties need not be arrayed on opposite sides in the prior litigation nor formal issues there drawn between them by cross

pleadings for collateral estoppel to apply. In Rose v. Dolejs, 7 Ill.App.2d 267, 275, 129 N.E.2d 281, 285 the Illinois doctrine was stated as follows:

"When some specific fact or question has been actually and directly in issue and has been adjudicated and determined by a court of competent jurisdiction in a former suit, and the same fact or question is again put in issue in a subsequent suit between parties or their privities who were parties in the former suit, its determination in the former suit, if properly presented and relied upon, is conclusive upon the parties and persons in privity with them in the latter suit, without regard to whether or not the cause of action is the same in both suits, and it cannot be again litigated in the subsequent suit upon the same or a different cause of action whatever may have been the nature of the first action or of the second action in which the estoppel is set up: Hoffman v. Hoffman, 1927, 246 Ill.App. 60. It is of first importance both in the observance of private rights and of the public good that a question once adjudicated by a court of competent jurisdiction shall be considered as finally settled and conclusive on the parties: Winkelman v. Winkelman, 1924, 310 Ill. 568 [142 N.E. 173]. Where the cause of action in the first suit is not the same as the cause of action in the second suit the court's determination in the first suit on all questions actually decided is final and estops the parties and their privities from relitigating those questions in the second suit, —such is normally denominated as estoppel by verdict or judgment, is but another branch of the doctrine of *res judicata,* and rests on the same principles as *res judicata:* City of Elmhurst v. Kegerreis, 1945, 392 Ill. 195 [64 N.E.2d 450]."

And, it was there applied in a situation where the parties were co-defendants in the earlier action and the specific issue adjudicated was not precipitated by cross pleadings between them in which one sought relief against the other. Rose made a written contract to buy a farm from Schiller and to pay in three equal installments. Subsequently an oral modification was agreed upon extending the time for payment of the second and accelerating the third installment. Schiller then requested Dolejs to find a buyer for the farm or purchase it. Dolejs produced a buyer, Koncil, to whom Schiller gave a warranty deed subject to the Rose contract. Schiller's interest in the contract was assigned to Koncil. Rose was in actual possession and it was apparent that there had been a default on the second installment under the terms of the written contract. Dolejs took a conveyance and assignments from Koncil and served notice of forfeiture on Rose who brought suit to restrain Dolejs and Schiller from interfering with his quiet enjoyment of the farm and for specific performance. At issue was whether Dolejs was chargeable with knowledge of the oral modification. Dolejs was found chargeable with knowledge and the Illinois Supreme Court affirmed. Rose v. Dolejs, 1 Ill.2d 280, 116 N.E.2d 402. Subsequently, Dolejs filed a counterclaim against Schiller alleging fraud, misrepresentation and breach of warranty. The basis for this claim was Dolejs' lack of knowledge of the oral modification. It was held that the earlier finding that Dolejs was chargeable with knowledge was conclusive as between the co-defendants and that Dolejs was estopped from again litigating the question in his action against Schiller, his co-defendant in the prior adjudication.

■ The doctrine of collateral estoppel as expressed and applied in Dolejs is controlling in the instant case. See also: Bentley v. Teton, 19 Ill.App.2d 284, 153 N.E.2d 495. The District Court did not err in granting summary judgment for the defendant.

Affirmed.