307 F.2d 924
 The CHESAPEAKE & OHIO RAILWAY COMPANY, a Virginia corporation, Petitioner,
v.
The Honorable James B. PARSONS, Judge of the United States District Court for the Northern District of Illinois, Eastern Division, Respondent.
 No. 13701.
 United States Court of Appeals Seventh Circuit.
 September 7, 1962.
 Rehearing Denied October 4, 1962.
 
 Charles J. O'Laughlin, Chicago, Ill., for petitioner.
 John J. Naughton, Chicago, Ill., for respondent.
 Before SCHNACKENBERG, CASTLE and MAJOR, Circuit Judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 On June 27, 1962 we filed an opinion and entered an order denying the petition of The Chesapeake & Ohio Railway Company, a Virginia corporation, praying for a writ of mandamus to compel the Honorable James B. Parsons, Judge of the United States District Court for the Northern District of Illinois, Eastern Division, named as respondent, to transfer, pursuant to the provisions of 28 U.S.C.A. § 1404(a),[1] a cause entitled Jack J. Filbrun[2] v. The Chesapeake & Ohio Railway Company, Civil No. 61 C 1174, from that court to the United States District Court for the Western District of Michigan, Southern Division, sitting at Grand Rapids, Michigan.
 
 
 2
 Upon petition for rehearing, we have ordered said opinion withdrawn and all orders entered pursuant thereto vacated and set aside.
 
 
 3
 A rule having been issued directing the respondent to show cause why a writ should not issue, the matter is now before us for consideration on the petition for a writ of mandamus, the respondent's answer thereto, including the exhibits attached to each, and the briefs and arguments of the respective parties, as well as the petition for rehearing and respondent's answer thereto, from all of which the following controlling facts appear:
 
 
 4
 Filbrun's action against the petitioner railroad is a Federal Employers' Liability Act action for injuries alleged to have been received in a fall from a box car caused by a sudden release of a handbrake he was operating. Prior to its commencement in the District Court a substantially identical action filed by Filbrun against the petitioner in the Circuit Court of Cook County, Illinois was dismissed on the railroad's motion on the ground that the Circuit Court of Cook County "is an inconvenient and inappropriate forum". Filbrun did not appeal that determination. Instead he filed the United States District Court action and petitioner's motion for its transfer to the Western District of Michigan, Southern Division, pursuant to 28 U.S.C.A. § 1404(a) was denied by respondent.
 
 
 5
 Plaintiff selected the Circuit Court of Cook County, Illinois, in which to first file his personal injury suit against petitioner railroad, based on alleged injuries sustained by him at Ludington, Mason County, Michigan, which is about 60 miles from Grand Rapids, where a United States District Court sits. Respondent is a judge of the United States District Court which sits in Chicago, in Cook County, Illinois.
 
 
 6
 The jurisdiction of the district courts in federal employers' liability cases is concurrent with that of the state courts. 45 U.S.C.A. § 56.
 
 
 7
 On motion of defendant (petitioner here), the state court dismissed plaintiff's action on the ground that the Circuit Court of Cook County, Illinois, is an inconvenient and inappropriate forum. It also denied plaintiff's motion for reconsideration of its action. Plaintiff took no appeal from either order. Instead, plaintiff's suit on the same cause of action was filed in the same city and county of Illinois but in the United States District Court.
 
 
 8
 The dismissal in the Illinois state court was based upon the doctrine of forum non conveniens. Respondent was required by 28 U.S.C.A. § 1738 to give full faith and credit to the order entered by the state court. Wayside Transportation Co. v. Marcell's Motor Express, Inc., 1 Cir., 284 F.2d 868, 870. This is especially true because it is a court of concurrent jurisdiction in administering the Federal Employers' Liability Act, as provided in that act, supra. Certainly if plaintiff had refiled his action in any state court in Cook County, it would have been dismissed on the basis of the Circuit Court's dismissal.
 
 
 9
 In applying the doctrine of forum non conveniens, the state court, pursuant to Illinois law, applied all of the tests set forth in 28 U.S.C.A. § 1404(a), which are (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice. In applying that doctrine the state court was required additionally to determine whether plaintiff's selection of that court was dictated by a desire to vex and harass the petitioner. Cotton v. L. & N. R. R. Co., 14 Ill.2d 144, 166, 152 N.E.2d 385, 396. While it made that additional finding, that fact is immaterial here because the district court did not have to wrestle with that question. Plaintiff was, however, bound by the doctrine of estoppel by verdict,[3] because, on all of the other tests applied by the state court, its decision was adverse to plaintiff. These matters were again raised before the district court under § 1404(a). Confronted by a final decision thereon by a court of concurrent jurisdiction, the district court had no discretion but to recognize the authoritative value of the state court's ruling, made in a case commenced there by plaintiff.
 
 
 10
 These reasons are sufficient upon which to grant the issuance of the writ requested. The transfer of this case to the federal district court 60 miles from plaintiff's home and the scene of his accident, and where many of the witnesses are available to both litigants, all combine to establish that justice would there be accomplished.
 
 
 11
 The writ of mandamus will issue as prayed.
 
 
 12
 Mandamus granted.
 
 
 
 Notes:
 
 
 [1]
 28 U.S.C.A. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."
 
 
 [2]
 Filbrun is also referred to herein as "plaintiff"
 
 
 [3]
 In Stangle v. Chicago, Rock Island and Pacific R. R. Co., 7 Cir., 295 F.2d 789, 791, we referred to a statement in regard to "estoppel by verdict" as announced in Rose v. Dolejs, 7 Ill.App.2d 267, 275, 129 N.E.2d 281, 285, as follows:
 "* * * `estoppel by verdict or judgment, is but another branch of the doctrine of res judicata, and rest on the same principles as res judicata * * *.'"
 
 
 
 13
 CASTLE, Circuit Judge (dissenting).
 
 
 14
 I would deny the petition for mandamus. In my view of the matter the contested issues presented for determination are:
 
 
 15
 "(1) Whether the state court's determination, made under the forum non conveniens doctrine, estops Filbrun from maintaining his action in a court sitting in Cook County, Illinois, and requires the District Court to allow the petitioner's motion to transfer the action to the Western District of Michigan, Southern Division; and if it does not,
 
 
 16
 "(2) Whether, on the facts and circumstances presented, it is clearly established that the respondent's denial of the transfer sought constitutes an abuse of discretion."
 
 
 17
 The state court's determination was an application of the forum non conveniens doctrine. This required consideration of the same relevant factors as those to be considered in applying § 1404(a) (Norwood v. Kirkpatrick, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789) plus an additional and more stringent factor required by the Illinois decision governing the doctrine's application to F. E. L. A. cases (Cotton v. Louisville and Nashville Railroad Company, 14 Ill.2d 144, 174, 152 N.E.2d 385, 400) that "only where it is shown that plaintiff is motivated purely by vexation and harassment will an F. E. L. A. case be dismissed" thereunder. Petitioner urges that because the state court's determination required consideration of all factors relevant to an application of § 1404(a) every point and question necessary to be passed upon in connection with its motion to transfer has already been adjudicated adversely to Filbrun. From this premise petitioner argues that Filbrun is estopped from relitigating those matters and that the full faith and credit provisions of 28 U.S.C.A. § 1738 require respondent to allow petitioner's motion to transfer.
 
 
 18
 The flaw in petitioner's contentions is that although the factors relevant to consideration of a motion to transfer under § 1404(a) — matters bearing on the convenience of the parties and witnesses, and the interest of justice — are all also relevant areas of inquiry, consideration of which is pertinent and necessary to a determination of the applicability of the forum non conveniens doctrine, those factors do not in the instant case involve identical material factual issues. Petitioner's contentions on this phase of the case confuse the ultimate conclusion and determination of the state court that it "is an inconvenient and inappropriate forum" with the material factual issues involved in that determination. A factual issue in the state court proceeding was whether the availability of a state forum at Ludington, Michigan (the county seat of Mason County) where the incident occurred, and where Filbrun and most of the witnesses resided,[1] as well as the availability of a federal forum at Grand Rapids, Michigan, within some sixty miles of Ludington, when considered in the light of all other pertinent factors established that Filbrun's selection of the Circuit Court of Cook County at Chicago, Illinois, some three hundred miles from Ludington, was dictated purely by a desire to vex and harass the petitioner. But in resolving the issues involved in the motion to transfer the District Court action to the District Court at Grand Rapids the availability of a state forum at Ludington was not a factor which the respondent could consider. He could transfer the cause to a federal district court only — and the issues before him involved only the comparative convenience or inconvenience, and interest of justice, as measured by a choice between the District Court at Chicago, Illinois, and the District Court at Grand Rapids, Michigan. Thus, at least one material factual consideration was not identical in both proceedings.
 
 
 19
 The cases relied upon by the petitioner are therefore inapposite. In Healea v. Verne, 343 Ill. 325, 175 N.E. 562; Chicago Title & Trust Co. v. National Storage Co., 260 Ill. 485, 103 N.E. 227 and Hicks v. Hicks, 20 Ill.App.2d 139, 155 N.E.2d 355, the estoppel recognized and applied, and in Wayside Transportation Co. v. Marcell's Motor Express, Inc., 1 Cir., 284 F.2d 868, the application of the mandate of 28 U.S.C.A. § 1738, was grounded on an attempt to relitigate the same material fact or issue which had been the subject of a prior adjudication in an action or proceeding involving the parties.[2]
 
 
 20
 In the instant case the prior adjudication involved and required consideration of a material fact — the availability of a state court forum at Ludington — which was not subject to consideration in the subsequent proceeding. The test is not whether the same relevant factors or standards were applied in the determination of an issue but whether the same fact or question was determined. The question of the comparative convenience or appropriateness of the Ludington forum over a Chicago forum is not the same as the question of such relationship between a Grand Rapids forum[3] and a Chicago forum. In my opinion the determination of the Circuit Court of Cook County does not estop Filbrun from maintaining his action in the United States District Court for the Northern District of Illinois, Eastern Division, a permissible venue under the Federal Employers' Liability Act (45 U.S.C.A. § 56), nor circumscribe the District Court in the exercise of its judgment and discretion in determining petitioner's motion to transfer the cause to Grand Rapids.
 
 
 21
 This Court recognizes the availability of mandamus as a remedy to rectify a district court's abuse of discretion in the application of § 1404(a). Chicago, R. I. & P. R. Co. v. Igoe, 7 Cir., 212 F.2d 378; Blaski v. Hoffman, 7 Cir., 260 F.2d 317. But as was pointed out by then Chief Judge, F. Ryan Duffy, "something more must be shown than an erroneous decision by the District Court. We emphasized that an abuse of discretion must clearly appear." Sypert v. Miner, 7 Cir., 266 F.2d 196, 199, citing Chicago, Rock Island & Pacific R. Co. v. Igoe, 7 Cir., 220 F.2d 299, 304.
 
 
 22
 I have considered the representations made, and reviewed the affidavits tendered with the pleadings, concerning the witnesses who would be called and the nature of the testimony each would give. Without discussing this and the other pertinent factors in detail I deem it sufficient to observe that the respondent's determination of the issues and disposition of the motion involved a balancing of the comparative convenience and inconvenience to the parties and witnesses, and an appraisal of the likelihood of difficulty or expense in the procurement of attendance of witnesses, and the probability of need to resort to the use of depositions, as bearing on the interest of justice. Whether this Court would have reached the same conclusion is not important. In my opinion we cannot say that respondent has clearly abused the discretion he was called upon to exercise. Had it not been for the question of first impression precipitated by the estoppel and full faith and credit issues based on the state court determination, the petition for a writ of mandamus would have merited no more than the summary disposition called for by Judge Duffy's admonition in Sypert v. Miner, supra (266 F.2d p. 199), that:
 
 
 23
 "Mandamus is a drastic and extraordinary remedy and petitions therefor hereafter filed in this Court which, in fact, involve only an erroneous decision will, in all likelihood, be summarily denied. Members of the Bar should not file petitions for mandamus in transfer cases unless they can make out a strong case of abuse of discretion."
 
 
 
 Notes:
 
 
 [1]
 Subsequent to the fall, and his treatment and discharge by Ludington medical practitioners, Filbrun was hospitalized in Chicago where a laminectomy and spinal fusion was performed by a Chicago doctor to remedy a ruptured intervertebral disc. This Chicago orthopedic specialist would be Filbrun's chief medical witness. In addition, the medical and hospital records concerning the hospitalization, diagnosis, treatment and surgery are all located at Chicago as well as the roentgenologist and hospital staff who participated therein. Petitioner's occurrence witnesses are its own employees
 
 
 [2]
 See also Stangle v. Chicago, Rock Island and Pacific Railroad Company, 7 Cir., 295 F.2d 789, in which this Court approved an application of the doctrine of collateral estoppel
 
 
 [3]
 Except that petitioner is suable there, Grand Rapids has no connection with the action