CHARLES W. THOMAS *et al.*

*v.*

MARTHA J. BURNETT.

*Filed at Mt. Vernon April 5, 1889.*

1. UNRECORDED DEED—*attaching creditor, without notice.* An attaching creditor who levies his attachment without notice of a prior unrecorded deed of his debtor, either actual or constructive, acquires a lien, which, if perfected by judgment, execution, sale and deed, will hold the legal estate, as against the grantee in the prior unrecorded deed. Having acquired a lien as creditor without notice, he will have a right to enforce the same, notwithstanding he may have, subsequently to the levy of his attachment, received notice of the deed.

2. POSSESSION—*as notice of occupant's rights.* Actual possession of land by a party under an unrecorded deed, is constructive notice of the legal and equitable right of the party in possession. Possession by a tenant is the same, in all respects, as if by the party himself.

3. Actual residence by the owner or claimant of land is not essential to a continuous possession. If the party is in actual possession, and there are continuous acts of ownership, it is sufficient. The fact that a short time may elapse between the actual occupancy by one tenant before another tenant takes possession, will not lose the possession to the owner.

4. B bought a tract of land in 1882, but failed to record her deed until October 22, 1884. After the purchase, B retained C, the prior agent of her grantor, as her agent, who, in August, 1882, rented the premises to J. for one year. The tenant raised a crop thereon, and occupied the

land till in August, 1884, when he surrendered his possession to C. The premises were again rented in March, 1884. On October 10, 1883, the property was attached as that of B's grantor: *Held,* that the possession of B was sufficient notice of her unrecorded deed, to the attaching creditor.

WRIT OF ERROR to the Circuit Court of Randolph county; the Hon. GEORGE W. WALL, Judge, presiding.

MR. CHARLES W. THOMAS, *pro se:*

Section 31 of the Conveyance act is as follows: "All deeds, mortgages and other instruments of writing which are authorized to be recorded, shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers without notice, until the same shall be filed for record."

It is hardly necessary to cite authorities to the effect that an attaching creditor is protected by this statute. *Martin* v. *Dryden,* 1 Gilm. 187; *Stribling* v. *Ross,* 16 id. 122; *Jones* v. *Jones,* id. 117. As, also, are purchasers at judicial sales. *McNitt* v. *Turner,* 16 Wall. 352.

A purchaser at an attachment sale acquires the title as it was at the time the attachment was levied, and not as it was at the time of the sale; and notice to him of an unrecorded deed, given after the levy, and before the sale, will not affect his title under the attachment sale. *Henderson* v. *Downing,* 24 Miss. 106; *Martin* v. *Dryden,* 1 Gilm. 187.

The recording of her deed by defendant in error, on the day of the sale under the special execution, was therefore wholly unavailing.

The possession of land, to effect notice of an unrecorded deed, must be such as to indicate an open and visible change in its condition. *McConnel* v. *Reed,* 4 Scam. 117; *Cabeen* v. *Breckenridge,* 48 Ill. 91; *Small* v. *Stagg,* 95 id. 39; *Jefferson* v. *Jefferson,* 96 id. 551.

Whenever it is sought to establish notice inferentially, the facts proved ought to be emphatic and distinct. Hence, the observation of the court in *Norcross* v. *Ridley,* 2 Mass. 605: "Where a prior conveyance is attempted to be supported by fraud in the second purchaser, the fraud must be clearly proved." *Meechen* v. *Griffing,* 3 Pick. 154; *Jackson* v. *Sharp,* 9 Johns. 190; *Day* v. *Dunham,* 2 Johns. Ch. 190; *Jones* v. *Lygins,* 37 Miss. 546.

"There was no change in the occupancy of the land. At the time of the sale, Chears was in possession by his tenants. After the sale, the same tenants continued to hold, on an agreement to pay rents to Loughbridge & Bogan. Nothing more occurred than a technical attornment of the tenants to them. There was a transfer of the title, but no change of possession that a stranger could observe. The actual occupancy in March and April after the sale, was just as it had been the prior months of the year. In all this there was nothing to arrest notice or to put a creditor or purchaser on inquiry." *Loughbridge* v. *Bowland,* 52 Miss. 546.

Mr. James A. Watts, for the defendant in error:

Where a purchaser has sufficient information to lead him to the knowledge of the fact, he is deemed, in law, cognizant of the fact. The decisions are uniform, that possession of land is notice to all of possessor's title. *McConnel* v. *Reed,* 4 Scam. 117.

Actual residence, either by the party claiming or by tenant, is not indispensable to continuous possession or occupancy. If there are continuous acts of ownership it is sufficient. *Coleman* v. *Billings,* 89 Ill. 183; *Ford* v. *Marcall,* 107 id. 136, and authorities cited.

Anything which apprises a purchaser of land or an incumbrancer that a particular person claims the property, or an interest in it, makes it the duty of the former to pursue that notice to its source, and make inquiry of the person claiming such ownership, and failing to do so, he will be chargeable

with all he could have learned had he pursued and investigated the matter to the full extent to which it led. It is not required that he must have full, complete and accurate information of the nature, extent, and all the particulars. *Crawford* v. *Railroad Co.* 112 Ill. 314.

Possession of land may be held in different modes,—by inclosure, by cultivation, by erecting buildings, by piling logs and lumber thereon, or by any use that indicates an appropriation to the use of the person claiming to hold the property. *Truesdale* v. *Ford,* 37 Ill. 210.

Possession may be by claim of exclusive right, by digging and removing sand and gravel from a vacant and uninclosed lot by a grantee of the land, by giving the privilege to some and refusing it to others, and at different times making leases to various persons. *Ewing* v. *Burnett,* 11 Pet. 50,—referred to in *Truesdale* v. *Ford,* 37 Ill. 210.

The plowing of land is sufficient possession to give notice to subsequent purchasers and incumbrancers, of the title of the person claiming the same under unrecorded deed. *Lyman* v. *Russell,* 45 Ill. 281.

The actual possession of land by a party, through his tenant, is constructive notice of his rights in the same. *Franz* v. *Orton,* 75 Ill. 100.

A tax receipt may be explained, and parol proof admitted to show for or by whom the taxes were in fact paid. *Elston* v. *Kennicott,* 46 Ill. 187.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was a bill filed by Martha J. Burnett, against Charles W. Thomas and the sheriff of Randolph county, to set aside a certificate of purchase held by Thomas upon a forty-acre tract of land owned by the complainant, as a cloud on her title, and to enjoin the sheriff from making a deed under such certificate.

Both parties claim title under James Burnett, a son of the complainant. It is conceded that on the 29th day of March,

1882, James Burnett was the owner of the tract of land in controversy, which was enclosed and in cultivation, but upon which there was no house.   On that day the complainant, as it is shown, bought the land in good faith from her son, for the sum of $1600.   No deed was made until in the month of April following, when James Burnett conveyed the land to complainant.   No question arises in respect to the payment of the purchase money at the date of the purchase.   The land had been under fence and cultivation for over twenty years.   David C. Thompson had for some years acted as the agent of James Burnett while he was owner, and had rented the land from year to year.   The deed to complainant was not recorded until October 22, 1884, and the land stood on the assessment books in the name of James Burnett until 1885. The complainant, after her purchase, retained Thompson as her agent in respect of this land, and who, in August, 1882, rented the land, as the complainant's, to one Jordan for one year, who raised a crop thereon, and retained possession of the same until in August, 1883, when he surrendered possession to Thompson.   In March, 1884, the agent rented the lands to Yagle.   At each renting the agent informed the tenants that complainant was the owner of the premises, and that he was renting it for her.   A crop was raised on the land each year after 1882 by the tenants of complainant, and the fences were kept in repair by her agent, who collected the rent and paid the same to her.   On the 10th day of October, 1883, Margaret Gilfillen sued out an attachment against James Burnett, in the Randolph circuit court, returnable to the March term thereof then following, and this land was levied upon on that day as the property of James Burnett, and a certificate of levy duly filed.   At the September term, 1884, of said court, said plaintiff in attachment recovered judgment for $2500 against said Burnett.   Special execution was issued thereon, under which, on October 22, 1884, the tract in controversy was sold to defendant Thomas, attorney of the plaintiff in

question, for $1900, and the sheriff· delivered to Thomas a certificate of purchase, which is the certificate now sought to be set aside.

Section 31 of the Conveyance act declares, that all deeds, etc., authorized by law to be recorded, "shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers without notice, until the same shall be filed for record."

An attaching creditor who levies his attachment without notice of a prior unrecorded deed of his debtor, either actual or constructive, acquires a lien, which, if perfected by judgment, execution, sale and deed, will hold the legal estate as against the grantee in a prior unrecorded deed. Having acquired a lien as an innocent creditor without notice, he will have a right to enforce the same, notwithstanding he may have, subsequently to the levying of his attachment, received notice of the deed. (*Martin* v. *Dryden,* 1 Gilm. 187; *Stribling* v. *Ross,* 16 Ill. 122; *Jones et al.* v. *Jones,* id. 117; *Henderson* v. *Downing,* 24 Miss. 106.) Unless, therefore, the plaintiff in attachment had notice, either actual or constructive, of the unrecorded deed from James Burnett to Mrs. Burnett, the lien thereby acquired must prevail over the rights of the complainant under that deed. The statute makes her deed void, as against the attaching creditor, if a lien on the property was thereby secured in good faith, and without notice of her rights.

Complainant's right to the relief sought depends, therefore, upon the fact, whether the plaintiff in attachment, at the time of the levy of the writ, had notice of her rights. There is no pretense that she had actual notice of the unrecorded deed, but it is claimed that she had constructive notice, arising from the possession of the land by complainant. Complainant took possession, after her purchase, by her agent and tenants, as we have seen, long prior to the levy of the attachment, and

which possession she has ever since retained. It is well settled that actual possession of land by a party under an unrecorded deed, is constructive notice of the legal and equitable right of the party in possession. The possession by a tenant is the same, in all respects, as if by the party himself. *Franz* v. *Orton,* 75 Ill. 100; *Whittaker* v. *Miller et al.* 83 id. 381; *Coari* v. *Olsen,* 91 id. 273.

It is claimed by plaintiff in error, that possession, to have the effect of notice, must be of that character which will arrest attention, and the case of *Loughbridge* v. *Bowland,* 52 Miss. 546, is referred to as sustaining that position. In that case, the grantor of the land, at the time of the conveyance, was in possession of the same by his tenant. After the sale, the same tenant continued to hold possession under an agreement to pay rent to the grantee. There was there nothing more than a technical attornment by the tenant to the purchaser; and the court held, that the mere attornment of the tenant, without any visible change in the character of the holding, was not sufficient to put a creditor or subsequent purchaser on inquiry. It is not necessary to the decision of this case to express any opinion in respect of the doctrine there announced, for the reason that after the complainant's purchase, she, through her agent, made a lease of the property to Jordan. This was in August, 1882, and for one year, and under it a crop was raised. The tenant was informed that his landlord was Mrs. Burnett, the complainant. The agent, as before stated, kept the place in repair as her agent, collected the rents and paid them to her. Here were open, notorious acts of ownership, asserted in an unequivocal manner by the complainant. Thompson, the agent, was not himself in possession of the property, but the tenants of complainant were, and it was their possession which constituted notice.

It is, however, said that there was no tenant in actual possession at the time of the levy of the attachment, and therefore the plaintiff in error was not chargeable with notice of the un-

recorded deed. The tenant's possession of land is that of his landlord. The Jordans occupied the land up to August, 1883, and this was notice to the world of Mrs. Burnett's title, to all intents, as if she had occupied it. Actual residence is not essential to continuous possession. If the party is in actual possession of the land, and there are continuous acts of ownership, it is sufficient. *Coleman* v. *Billings et al.* 89 Ill. 182; *Ford* v. *Marcall,* 107 id. 136.

The land here in controversy was improved and under fence. In such case, the owner will not lose his possession by failing to be continuously in the actual occupancy or use of the land, by himself or tenant. The fact that a short time may have elapsed between the actual occupancy by one tenant before another tenant takes possession, will not be a loss of possession by the owner. The improvements, the fact that a crop had been raised the previous season, will clearly indicate the possession, and will be sufficient to put others dealing with the property upon inquiry. The attachment here was levied October 10, 1883, a short time after the tenants had surrendered possession to Thompson, complainant's agent, who still continued to act as such agent in taking care of the property, and the plaintiff should have made inquiry before levying her writ of attachment. It is apparent this could have been done, either of the outgoing tenants or of the agent. Any reasonable, prudent man, contemplating a purchase of the property, would have made such inquiry; and it is clear that an inquiry of the Jordans, or of Thompson, would have led to notice of the claim of complainant, and of the existence of the unrecorded deed.

We think the circumstances are such as to charge the attaching creditor with notice of the deed from James Burnett to the complainant. This being so, the circuit court committed no error in granting the relief prayed, and its decree will be affirmed.

*Decree affirmed.*