(No. 23986.—)

THE PROVIDENT MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA, Appellee, *vs.* LULU G. NORCOTT *et al.* Appellants.

*Opinion filed April 16, 1937.*

HOPKINS, STARR & GODMAN, (JOHN L. HOPKINS, and GEORGE F. JAMES, JR., of counsel,) for appellants.

GORDON, PIERCE, EDMONDS & MARTIN, (GEORGE GILLETTE, ELMER M. LEESMAN, and ELBRIDGE BANCROFT PIERCE, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants sought, in the superior court of Cook county, to secure the surrender and cancellation of a certain master's deed, issued in pursuance of a foreclosure sale. Their petition was denied and they were ordered to surrender the premises involved. The petition was filed in a foreclosure proceeding instituted by appellee against appellants to foreclose the lien of a trust deed. The foreclosure action was instituted February 3, 1934, and proceeded to a decree

on June 11, 1934, and to a sale on July 10, 1934. The master's report of sale was confirmed and a deficiency decree of $400 entered against appellants on July 16, 1934. On September 19 following, the plaintiff in the foreclosure proceeding (appellee here) filed a motion to vacate the order confirming the sale and the decree of sale of June 11, on the ground that one McGuire, a judgment creditor of one of the mortgagors, though made a party, had not been served with summons, and further alleging that by the decree of June 11 the court had reserved jurisdiction of the case during the period of redemption and had power to reopen the proceeding and permit service on McGuire. The prayer of that petition was granted, the orders of default and reference entered on March 16, 1934, and decree of sale entered on June 11, master's sale July 10, and the order approving same July 16, were set aside. Thereafter on October 25, 1934, a new order of default, except as to McGuire, and a new order of reference, were entered. McGuire answered setting up that he had a judgment, unsatisfied, of over $237,000, and claimed a lien on the premises by reason thereof. On January 30, 1935, pursuant to the master's second report, a second decree of sale was entered. The property was, on February 26, again sold, and on March 2 the court entered an order confirming the master's sale, and entered a deficiency decree in the sum of $400. After the period of redemption had run from this second sale, an order was entered on August 14, 1936, reciting the various steps taken as shown by the record, and that a master's deed had been issued to the plaintiff on each sale, and entered a finding that plaintiff was entitled to possession. This order directed the surrender of the property within ten days.

On August 21, 1936, appellants filed the petition here involved setting out the entry of the decree of June 11, 1934, sale thereunder and approval of that sale, appellee's application to set aside those proceedings, also the proceed-

ings by which a second decree of sale was entered and premises again sold. The petition averred that the appellee was estopped and barred from claiming any right under the sale of July 10 and prayed an order decreeing the master's deed, based on sale of July 10, to be null and void and that it be delivered up and cancelled. On October 15, 1936, the court denied the prayer of this petition and denied their motion to vacate the order of August 14, 1936, for possession, and confirmed that order. This appeal followed.

Appellants state their theory of the case in substance as follows: The appellee, having by its representations on September 19, 1934, procured an order vacating the previous order of default, reference, decree of June 11 and sale thereunder, together with confirmation and the deficiency judgment, is now estopped to assert validity of the master's deed founded upon such vacated sale, and that, although the appellants are in default in their mortgage, they are entitled to have their property legally foreclosed in such manner as is conducive to a fair sale, so as to accord to them and their judgment creditors, rights of redemption. They say also that the court was without jurisdiction to enter the second decree of January 30, 1935, and that the purported sale of February 26, 1935, and the master's deed which was issued to appellee thereon, are also void. Appellee replies that the appellants are not entitled to the relief sought because they show no prejudice to them arising from the matters of which they complain; that they were parties to the decree of June 11, 1934, and also of January 30, 1935, both of which were final decrees, and at least one of which must be held to be a valid decree.

Counsel on both sides have indulged in extended argument and refinement of reasoning which it is unnecessary to follow out in this opinion. We have considered those arguments and are of the opinion that the case, so far as appellants' rights are concerned, is confined to a rather narrow margin. They may be heard here only on a matter

which affects their rights and have no standing if complaining for any other person. They say that the appellee is estopped to rely on the validity of the final decree of June 11, 1934, because it caused such decree to be set aside. At the same time they argue that the court had no authority to set that decree aside for the reason that it was past the term time and the court had lost jurisdiction. Estoppels are mutual. One may not insist that the other is bound by an estoppel and then elect that he shall not be also bound by it. *Keal* v. *Rhydderck,* 317 Ill. 231.

Counsel for appellants also say that the decree of January 30, 1935, is invalid because the court had no jurisdiction to enter it. If the court had no jurisdiction to enter that decree it was because of a valid existing decree of June 11, 1934. If the decree of June 11 is valid then the deed issued thereon is valid. If that decree is no longer in existence the court, having jurisdiction of the subject matter and the parties, had power to enter a valid decree on January 30, 1935. There was a deed issued also on that decree and sale. Nor does it anywhere appear that the appellants are prejudiced. They have not only had the statutory period of redemption from the sale under the decree of June 11, but a like period of redemption from the sale under the decree of January 30, 1935. In fact they have thus been benefited. Appellants, if they would seek affirmative relief, must do so on the strength of their own case and not on the weakness of the opposition. They have not been in any manner prejudiced by the proceedings that have taken place. They make no complaint that the sale price was inadequate or that fraud was practiced. They were not entitled to the relief they seek. If it be said that the deed issued under the decree of June 11, 1934, is not a valid deed, the deed issued under the decree of January 30, 1935, would thus become valid. This being true it is immaterial, so far as appellants' rights are concerned, which of these deeds may be construed to be valid. It seems clear

that, quite aside from the question of the validity of the deed complained of, appellants have not shown a right to complain.

The order of the superior court, denying their petition to have the master's deed set aside, is therefore affirmed.

*Order affirmed.*