**Louis Rose et al., Plaintiffs, v. Andrew Dolejs et al., Defendants.**

**Andrew M. Dolejs, and Marie Dolejs, His Wife, Cross-Plaintiffs-Appellants, v. Victor Schiller, and Olga Schiller, His Wife, Cross-Defendants-Appellees.**

**Gen. No. 10,840.**

Second District.

October 11, 1955.

Released for publication October 31, 1955.

Hadley, Leren & Burek, of Wheaton, and Alfred M. Loeser, of Chicago, for appellants.

Harry G. Fins, of Chicago, for appellees.

MR. JUSTICE CROW delivered the opinion of the court.

This is an appeal from a final order of the Trial Court sustaining the counterdefendants Victor Schiller's and Olga Schiller's motion to strike the counterclaim of the counterplaintiffs Andrew M. Dolejs and Marie Dolejs, and entering final judgment for the counterdefendants, the counterplaintiffs having elected to stand on their counterclaim. The motion to strike the counterclaim alleged, in substance, that the matters therein were decided adversely to the counterplaintiffs by the Supreme Court on a prior appeal in this same cause, Rose v. Dolejs (1953), 1 Ill.2d 280. It is now claimed by the counterdefendants that the Supreme Court determination involved the same subject matter, the same parties, and the same issue as the present counterclaim, and, that therefore, the doctrine of res judicata applies, and the counterplaintiffs cannot now relitigate the subject matter of the counterclaim.

■ For a full understanding of the issues herein, it is necessary to review to some extent some of the facts incident to the litigation between the parties prior to the dismissal of the present counterclaim. Some of the facts are to be ascertained from the allegations of the present counterclaim of Andrew M. Dolejs, et al., some from other portions of the present record, and some from the opinion of the Supreme Court on the prior appeal, above, in this same cause. The present cross-plaintiffs, Andrew M. Dolejs and Marie Dolejs, and the present cross-defendants, Victor Schiller and Olga Schiller, were all parties defendant in the original cause, and all of them are necessarily bound by the facts therein found and the determination therein made, so far as presently material. To the extent the present record does not specifically include matters

269

having to do with the prior appeal, we shall take judicial notice of the record on the former appeal: Lee v. Finley (1953), 413 Ill. 445. On this appeal, the briefs of neither side contain a plain, simple, clear-cut, detailed, and orderly statement of the facts, and we have had to reconstruct the same, as best we can, as an original matter.

In July 1950, Victor Schiller, one of the counter-defendants, asked Andrew M. Dolejs, one of the counter-plaintiffs, to purchase a certain 40-acre farm of Schiller's in DuPage County, or procure a buyer therefor. Dolejs procured Anton Koncil as a buyer, and then Victor Schiller and Olga Schiller, his wife, agreed by contract of August 2, 1950, to sell the real estate to Anton Koncil for $10,000, the Schillers to convey a good title, by warranty deed, subject, however, so far as material, to "Articles of Agreement for Warranty Deed, Form 75, as more fully set forth on reverse side of this contract." On its reverse side that contract contained the following provisions:

"Sale of the premises set out on the reverse side of this contract are subject to the terms of an Article of Agreement for Warranty Deed form 75, entered into between Victor Schiller and Olga Schiller, his wife, party of the first part, and Louis A. Rose and Margaret Gallery Rose, his wife, on the 10th day of May, 1948. Said Agreement provides for the sale of the premises for the sum of $15,000.00. There has been a payment of $5,000.00 plus interest on the 1st day of June, 1948; interest was paid on said contract on the unpaid balance on June 1, 1949; the sum of $5,000.00 plus interest on the unpaid balance was due June 1, of 1950 but said principal sum and interest is unpaid. A further sum of $5,000.00 plus interest on the unpaid balance is due June 1, 1952."

On August 15, 1950, the counterdefendants Victor Schiller and Olga Schiller, executed a warranty deed

to Anton Koncil, and assigned to him their interests as sellers under the prior contract of May 10, 1948 with Louis A. Rose et al. Thereafter, though on the same date, Koncil executed a warranty deed to the counterplaintiffs Andrew M. Dolejs and Marie Dolejs, and again on August 17, 1950 assigned to the Dolejs the seller's interests under the prior contract of May 10, 1948 with Louis A. Rose et al., and further assigned to the Dolejs his buyer's interests under his contract of August 2, 1950 with the Schillers.

It appears that Louis A. Rose and Margaret Gallery Rose, the original buyers under the contract of May 10, 1948 with the sellers Schiller, and whose contract is mentioned, as above, in the later contract of August 2, 1950, between the Schillers and Koncil, were actually in possession of the premises at all material times and were building a house thereon.

Long prior to the Schiller-Koncil-Dolejs transactions in 1950, the Schillers had, in July 1949, orally given Louis A. Rose and Margaret Gallery Rose, the original buyers under the original contract of May 10, 1948, an extension of time to June 1, 1951 to make a $5,000 payment otherwise due June 1, 1950, and by that oral agreement another payment thereunder otherwise due June 1, 1952 was accelerated to June 1, 1951.

This original cause, from which the appeal was taken in Rose v. Dolejs (1953), 1 Ill.2d 280, was commenced by the original plaintiffs Roses, seeking, in effect, a specific performance of their May 10, 1948 contract, alleging the oral extension agreement of July 1949 with the Schillers, praying an injunction against the Dolejs prosecuting a forcible entry and detainer case against the Roses, asking reformation of the May 10, 1948 contract pursuant to the oral extension agreement, asking a complete determination of the rights of the parties in the premises, and that the Dolejs be compelled to convey to the Roses upon deposit with the clerk of

271

the balance due under the May 10, 1948 contract. Both the Schillers and Dolejs were, as we've said, original parties defendant to this suit. By the decree therein the Dolejs were permanently enjoined from prosecuting their forcible entry and detainer case; the Dolejs' purported forfeiture of the Rose contract was declared void; the Rose contract was reformed; and the Dolejs were ordered to convey to the Roses upon deposit of a certain sum with the clerk which the Roses were ordered to make. The Dolejs appealed and the decree was affirmed.

After the Supreme Court's affirmance, the Dolejs filed their present counterclaim against the Schillers, alleging, in substance: that the Dolejs had no knowledge of the Schiller-Rose oral agreement for extension; that Schillers falsely, fraudulently, and deceitfully concealed such oral agreement from them; and misrepresented to them that the Roses were in default; and in reliance on those misrepresentations the Dolejs took over the Schiller-Koncil contract of August 2, 1950, and paid it off; and that the warranties of title in Schillers' warranty deed to Koncil of August 15, 1950 were thereby breached.

The crux of the counterplaintiffs Dolejs' theory on the present counterclaim is their allegation, in substance, that they had no knowledge of the oral agreement between the Schillers and the Roses for an extension of a payment as to the original Schiller-Rose contract of May 10, 1948. They may not have had actual knowledge, but they are charged with knowledge thereof and the Supreme Court has already previously so determined on the prior appeal herein: Rose v. Dolejs (1953), 1 Ill.2d 280. The Court there said, p. 285, 290–291:

"The defendants Dolejs assert that they purchased the interest of the original contract vendors without any knowledge of the alleged oral extension. . . .

"Counsel for defendants Dolejs continually refers to his clients as "innocent purchasers," not bound by the oral agreements and conduct of the defendants Schiller. Defendants Dolejs purchased all right and interest of the Schillers under their contract of sale to the plaintiffs. It has been held innumerable times that the assignee of a non-negotiable chose in action, such as this contract of sale, takes the interest assigned therein subject to all legal and equitable defenses existing at the time of or before notice of such agreement. (Chicago Title and Trust Co. v. Smith, 158 Ill. 417.) The original contract for warranty deed, executed by the Schillers and the Roses, was assigned by the Schillers on August 15, 1950, to Anton Koncil who in turn, on August 17, assigned the same to the defendants Dolejs. This contract is not a negotiable chose in action within the requirements of section 1 of the Negotiable Instrument Law. (Ill. Rev. Stat. 1951, Chap. 98, par. 21.) Not being negotiable, this contract is subject to any defenses the Roses may have had against the Schillers.

"Moreover, defendants Dolejs are charged with knowledge of the extension agreement. When the Dolejs purchased the interest of the Schillers they knew that the plaintiffs were in possession of the property under claim of right and were in the process of constructing a house thereon. Defendants are therefore chargeable with notice of all facts that an inquiry directed to the plaintiffs would have disclosed. (Thomas v. Burnett, 128 Ill. 37; Rock Island and Peoria Railway Co. v. Dimick, 144 Ill. 628.) Such an inquiry would have disclosed the oral extension agreement, and defendants are therefore charged with knowledge of it."

If the Dolejs, the present counterplaintiffs, were charged with knowledge of that oral agreement, as has already been determined, and by which determination the Dolejs are bound, then clearly it cannot be said, as

273

to the Dolejs, that the Schillers falsely, fraudulently, and deceitfully concealed said oral agreement. As to the existence of the Schiller-Rose contract, the Dolejs were expressly put on notice at the outset by the specific terms of the Schiller-Koncil contract of August 2, 1950 and by the Roses possession of the premises, and as to the extension of time of payment and status of the Schiller-Rose contract, they were charged with knowledge. Under the circumstances, if the counterplaintiffs Dolejs were not "innocent buyers," and they have heretofore been determined not to have been, they are in no position to assert the present counterclaim,— they have no cause of action thereunder for "fraud and deceit" or for "breach of implied warranties of title."

The counterplaintiffs argue that the opinion and determination of the Supreme Court on the prior appeal is not res judicata here because there is no identity of subject matter, parties, or issues. Assuming those to be the essential requirements here, we do not agree with counterplaintiffs. The same parties in this cause on the present counterclaim, the Schillers and the Dolejs, were defendants in the original cause, and are bound by the decree and its affirmance. That "a different relationship or quality" existed, as the Dolejs urge, between the Schillers and the Roses, and the Schillers and the Dolejs, if true, has nothing to do with the identity of the subject matter, parties, or issues. Dolejs took the appeal to the Supreme Court and the fact the Schillers were not appellants seems wholly immaterial so far as estoppel by verdict or judgment and res judicata as against the Dolejs are concerned. The same subject matter, the real estate, was involved. And one of the issues necessarily before the Trial Court and the Supreme Court and decided was whether the counterplaintiffs Dolejs were charged with knowledge of the oral extension agreement. The Trial Court and Supreme Court decided that issue adversely to the

Dolejs, they are bound thereby, and they cannot now relitigate that question, which they seek to do in their present counterclaim. That the cause of action involved in the present counterclaim is not the same as the cause of action involved in the original suit brought by the Roses, is immaterial so far as application of the doctrine of estoppel by verdict or judgment is concerned.

■■ When some specific fact or question has been actually and directly in issue and has been adjudicated and determined by a court of competent jurisdiction in a former suit, and the same fact or question is again put in issue in a subsequent suit between parties or their privities who were parties in the former suit, its determination in the former suit, if properly presented and relied upon, is conclusive upon the parties and persons in privity with them in the latter suit, without regard to whether or not the cause of action is the same in both suits, and it cannot be again litigated in the subsequent suit upon the same or a different cause of action whatever may have been the nature of the first action or of the second action in which the estoppel is set up: Hoffman v. Hoffman (1927), 246 Ill. App. 60. It is of first importance both in the observance of private rights and of the public good that a question once adjudicated by a court of competent jurisdiction shall be considered as finally settled and conclusive on the parties: Winkelman v. Winkelman (1924), 310 Ill. 568. Where the cause of action in the first suit is not the same as the cause of action in the second suit the court's determination in the first suit on all questions actually decided is final and estops the parties and their privities from relitigating those questions in the second suit,—such is normally denominated as estoppel by verdict or judgment, is but another branch of the doctrine of res judicata,

275

and rests on the same principles as res judicata: City of Elmhurst v. Kegerreis (1945), 392 Ill. 195.

We, therefore, are of the opinion that Rose v. Dolejs (1953), 1 Ill.2d 280, is conclusive, on principles of estoppel by verdict or judgment and res judicata, of the issues set forth in the present counterclaim, and that the order below sustaining the motion to strike the same, striking it, and entering a final judgment for the counterdefendants, is correct.

The judgment, accordingly, is affirmed.

Affirmed.

DOVE and EOVALDI, JJ., concur.