James J. Lynch, Plaintiff-Appellant, v. Chicago Transit Authority, A Municipal Corporation, and D. Marron, Defendants-Appellees.

Gen. No. 50,124.

First District, First Division.

September 13, 1965.

Joe Reiff, of Chicago, for appellant.

William J. Lynch, William S. Allen, Paul Denvir, and James E. Hastings, all of Chicago, for Chicago Transit Authority, appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This case arose out of a collision between an automobile driven by the plaintiff, Lynch, and a bus which was owned and operated by the defendant, Chicago Transit Authority, in which collision a passenger on the bus was injured. In a prior suit (Case No. 58 C 7937) in which the passenger sued both Lynch and

the C. T. A., a jury returned a verdict for the passenger against both Lynch and the C. T. A. In the instant case, in which Lynch sued the C. T. A., the trial court entered a final order dismissing the case on the grounds that Lynch was estopped by the verdict in the prior case. Lynch appeals from the dismissal charging that the doctrine of estoppel by verdict does not apply because the issues in the prior case are not the same as the issues involved here and because mutuality of estoppel is lacking.

 Estoppel by verdict is a branch of the doctrine of res judicata, and like that doctrine, is based on the policy that a question once adjudicated by a court of competent jurisdiction shall be considered as finally settled and conclusive on the parties. City of Elmhurst v. Kegerreis, 392 Ill 195, 64 NE2d 450. The doctrine of estoppel by verdict provides that when some specific fact or question has been actually and directly in issue and has been adjudicated in a former suit, and the same fact or question is again put in issue in a subsequent suit between the parties or their privies who were parties in the former suit, its determination in the former suit, if properly presented and relied on, is conclusive upon the parties and their privies in the latter suit, without regard to whether or not the cause of action is the same in both suits. Hoffman v. Hoffman, 330 Ill 413, 161 NE 723; Rose v. Dolejs, 7 Ill App2d 267, 129 NE2d 281. For the doctrine to be applicable it is not necessary that the parties have been arrayed on opposite sides in the prior litigation or that formal issues have been drawn up between them. Franciscy v. Jordan, 43 Ill App2d 344, 193 NE2d 219; Stangle v. Chicago, R. I. & P. R. Co., 295 F2d 789 (CA 7th); Rose v. Dolejs, 7 Ill App2d 267, 129 NE2d 281.

 We believe that the present case meets these requirements for the application of estoppel by ver-

222

dict. The parties in this suit were both parties to the prior suit. The determinative question in the instant case is the same as one of the issues necessarily decided in the prior suit. In order to recover in the instant case, Lynch must allege and prove that he was in the exercise of ordinary care. This issue is precisely the same as the issue decided by the jury in the prior case, where, in rendering a verdict against Lynch, the jury must necessarily have decided that Lynch was not in the exercise of ordinary care at the time of the collision.

The plaintiff contends that estoppel does not apply here, however, because mutuality of estoppel is lacking. He argues that if the C. T. A. had sued him, it would not have been estopped by the verdict in the prior suit because the issue in that case (whether the C. T. A. was in the exercise of the highest degree of care toward its passenger) was not the same as the issue in its suit against Lynch (whether the C. T. A. was in the exercise of ordinary care with respect to Lynch). Hence the plaintiff concludes that, since the C. T. A. would not have been estopped by the prior verdict, there is no mutuality of estoppel and the C. T. A. cannot claim that Lynch is estopped by the prior verdict in the instant case.

Although there is an older line of Illinois cases in which the rule of mutuality of estoppel has been applied (see Schafer v. Robillard, 370 Ill 92, 17 NE2d 963; MacDonald v. Dexter, 234 Ill 517, 85 NE 209; Provident Mut. Life Ins. Co. v. Norcott, 366 Ill 82, 7 NE2d 858; Mullally v. Lott, 162 Ill App 533; Robinson & Co. v. Marr, 181 Ill App 605), more recent cases have eroded the doctrine of mutuality. In Voss Truck Lines, Inc. v. Pike, 350 Ill App 528, 113 NE2d 202, for example, mutuality was lacking because the plaintiffs in the second suit who sought to invoke estoppel were not the same as the plaintiff in the first suit, but rather

were the employers of the plaintiff in the second suit. The court affirmed a judgment in favor of the plaintiffs in the second suit on the ground of estoppel by the verdict in the first suit. The court stated that while as a general rule estoppels must be mutual there is a well recognized exception to the rule in cases where liability rests on derivative responsibility as in cases where the relationship of principal and agent or master and servant exists and where several different persons may be responsible for the acts of one.

In another case, Franciscy v. Jordan, 43 Ill App2d 344, 193 NE2d 219, the requirement that estoppel must be mutual was implicitly rejected. That case involved a collision between two cars, one driven by Richard Jordan and another by Rudolph Franciscy. In a prior suit the passengers in the Franciscy car sued the administrators for both Jordan and Franciscy charging Jordan with ordinary negligence and Franciscy with wilful and wanton conduct. In that prior suit the jury rendered a special finding of wilful and wanton conduct on the part of Franciscy and rendered a general verdict against both defendants. In the second suit, Franciscy's administrator sued Jordan's administrator for wrongful death. The defendant moved to dismiss on the ground that the plaintiff was estopped by the prior verdict. The trial court denied the motion, but the Appellate Court reversed on the grounds that the plaintiff was estopped by the verdict in the first case. It is clear in the second case that if Jordan's administrator had brought the suit, rather than the other way around, Jordan's administrator would not have been estopped by the finding implicit in the verdict in the first suit that Jordan was guilty of ordinary negligence because ordinary negligence is no defense to a suit alleging wilful and wanton conduct (Green v. Keenan, 10 Ill App2d 53, 134 NE2d 115).

These cases are consistent with the best current thought on the subject of mutuality. See also Zdanok v. Glidden Co., Durkee Famous Foods Division, 327 F2d 944. As Justice Traynor said in Bernhard v. Bank of America, 19 Cal2d 807, 122 P2d 892:

> No satisfactory rationalization has been advanced for the requirement of mutuality. Just why a party who was not bound by a previous action should be precluded from asserting it was res judicata against a party who was bound by it is difficult to comprehend. . . . Many courts have abandoned the requirement of mutuality and confined the requirement of privity to the party against whom the plea of res judicata is asserted. (122 P2d at page 895.)

The trial court properly dismissed the case and hence its judgment must be affirmed.

Judgment affirmed.

MURPHY and KLUCZYNSKI, JJ., concur.