BEVERLY KARON, Plaintiff, *v*. E. H. MARHOEFFER, JR. Co. *et al*., Defendants—(E. H. MARHOEFFER, JR. COMPANY, Third-Party Plaintiff-Appellant, *v*. CECO CORPORATION, Third-Party Defendant-Appellee.)

(No. 57263; ▮▮▮▮▮▮▮)

First District (1st Division)—August 13, 1973.

Frank Glazer, of Chicago, (John J. Pikarski, Jr., of counsel,) for appellant.

Torshen, Cohen & Eiger, Ltd., and Garretson & Santora, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

This case arises out of injuries sustained by Beverly Karon on November 25, 1967, at O'Hare International Airport. Mrs. Karon was injured when she fell over a plank either on the sidewalk, street or curb outside the construction site of a control tower at the airport.

Third-party plaintiff, E. H. Marhoeffer, Jr. Company (hereinafter "Marhoeffer") was the general contractor on the construction site. Third-party defendant Ceco Corporation (hereinafter "Ceco") was a subcontractor. On November 27, 1968, Mrs. Karon filed a complaint against Marhoeffer, Ceco, and Thomas Hoist Erectors, Inc., another subcontractor alleging negligence on the part of each of them in connection with the occurrence.

On May 4, 1971, Ceco filed a motion for summary judgment in the original action of *Karon v. Marhoeffer*. Ceco appended as exhibits to its motion for summary judgment excerpts of the discovery depositions of William J. LaVoie, Marhoeffer's general superintendent on the construction site, Beverly Karon, and her husband, Irwin Karon.

William J. LaVoie, Marhoeffer's general superintendent testified during his deposition that it was the duty of Marhoeffer's construction foreman, Sol Pacifico, to check the fence surrounding the project and that if planks or construction debris were on the sidewalk or curb outside the site, Marhoeffer's employees working under Mr. Pacifico were to remove it.

During the depositions of Beverly Karon and her husband, Irwin, both witnesses testified that they were unable to identify at the time of the occurrence who was the owner of the plank on which Mrs. Karon fell or who placed the plank on the sidewalk or curb.

On August 10, 1971, a hearing on Ceco's motion for summary judgment in the original action was conducted before Judge Samuel Shamberg. All parties to the action received notice of Ceco's motion for summary judgment. Neither Marhoeffer nor plaintiff Karon objected to Ceco's motion. Judge Shamberg, after having heard the arguments of counsel, entered an order stating, *inter alia:*

> "This cause having come on to be heard on the motion of defendant Ceco Corp. and the Court being fully advised in the premises

and having jurisdiction of the parties and the subject matter, *and all parties of record having appeared by their attorneys.*

It is further ordered, that, plaintiff having no objection, and having filed nothing in opposition to the defendant Ceco's motion for summary judgment, *and the Court finding from the exhibits and affidavits filed by defendant Ceco Corp. in behalf of its motion for summary judgment, that there is no genuine material issue of fact between the plaintiff and the defendant Ceco Corporation, and further finding that the defendant Ceco Corporation is not guilty of any negligence which proximately caused the injuries and/or occurrence complained of by the plaintiff.*

It is hereby ordered that defendant, Ceco Corp.'s motion for summary judgment against the plaintiff be, and hereby is granted, and the judgment be entered for the defendant Ceco Corp., only against the plaintiff, Beverly Karon, and trial as to the balance. It is further ordered there is no just reason to delay the enforcement or appeal hereof." (Emphasis supplied.)

On November 18, 1971, almost three years after Beverly Karon's complaint was filed and more than three months after Ceco's motion for summary judgment in the original action had been granted, Marhoeffer filed a third-party complaint against Ceco. In Count I of the third-party complaint Marhoeffer alleged that Ceco was actively negligent and the third-party plaintiff Marhoeffer, if negligent at all, was passively negligent. Count II of the third-party complaint alleged a contract of indemnity existed and obligated Ceco to indemnify Marhoeffer.

On December 15, 1971, Ceco filed in lieu of an answer a motion to strike and dismiss Marhoeffer's third-party complaint. In its motion to strike and dismiss, Ceco alleged as an affirmative defense of estoppel by judgment Judge Shamberg's order of August 10, 1971, granting Ceco summary judgment in the original action and wherein Judge Shamberg held, *inter alia* that "defendant Ceco Corporation is not guilty of any negligence which proximately caused the injuries and/or occurrence complained of by plaintiff."

On January 7, 1972, argument was heard before Judge Charles P. Horan who granted Ceco's motion to strike and dismiss Marhoeffer's third-party complaint.

On January 12, 1972, the original action of *Karon v. Marhoeffer* was called for trial and was settled by payment to Mrs. Karon of $3,500 by Marhoeffer.

Marhoeffer now appeals the order of January 7, 1972, granting Ceco's motion to strike and dismiss Marhoeffer's third party complaint.

Third-party plaintiff Marhoeffer argues that the trial court erred when,

in hearing the motion to strike and dismiss its third party complaint, the court bound Marhoeffer with the findings of Judge Shamberg in the original action of *Karon v. Marhoeffer.* Marhoeffer argues that it had no opportunity to take part in the motion for summary judgment by third-party defendant Ceco in the original action.

■■ From our examination of the record, we are unable to perceive the basis for Marhoeffer's argument that it "had no opportunity to take part" in Ceco's motion for summary judgment in the original action. Marhoeffer and Ceco were co-defendants in the original action and Marhoeffer was given notice of the August 10, 1971, hearing before Judge Shamberg on Ceco's motion for summary judgment. The report of proceedings before Judge Horan on January 7, 1972, contains the following colloquy:

> "THE COURT: Were you given Notice? [notice of the August 10, 1971 hearing before Judge Shamberg on Ceco's motion for summary judgment in the original action.]
>
> MR. PIKARSKI: [Counsel for Marhoeffer]: Yes.
>
> THE COURT: Was your office represented?
>
> MR. PIKARSKI: [Counsel for Marhoeffer]: For certain, I can't say. I imagine they were there. I don't know for certain."

Moreover, the order entered by Judge Shamberg granting Ceco's motion for summary judgment on August 10, 1971, recites in relevant part: "all parties of record having appeared by their attorneys." We are of the opinion that Marhoeffer did have an opportunity to participate in the hearing concerning Ceco's motion for summary judgment in the original action.

■■ In *Rose v. Dolejs,* 7 Ill.App.2d 267, 275-76, 129 N.E.2d 281, 285, this Court in considering a cause involving a claim of estoppel as between parties who were co-defendants in an earlier action stated:

When some specific fact or question has been actually and directly in issue and has been adjudicated and determined by a court of competent jurisdiction in a former suit, and the same fact or question is again put in issue in a subsequent suit between parties or their privities who were parties in the former suit, its determination in the former suit, if properly presented and relied upon, is conclusive upon the parties and persons in privity with them in the latter suit, without regard to whether or not the cause of action is the same in both suits, and it cannot be again litigated in the subsequent suit upon the same or a different cause of action whatever may have been the nature of the first action or of the second action in which the estoppel is set up (*Hoffman v. Hoffman* (1927), 246 Ill.App. 60.) It is of first importance both in the observance of private rights and of the public good that a question once adjudicated

by a court of competent jurisdiction shall be considered as finally settled and conclusive on the parties. (*Winkleman v. Winkleman* (1924), 310 Ill. 568.) Where the cause of action in the first suit is not the same as the cause of action in the second suit the court's determination in the first suit on all questions actually decided is final and estops the parties and their privities from relitigating those questions in the second suit,— such is normally denominated as estoppel by verdict or judgment, is but another branch of the doctrine of res judicata, and rests on the same principles as res judicata. *City of Elmhurst v. Kegerreis* (1945), 392 Ill. 195.

■■ In *Stangle v. Chicago Rock Island and Pacific R. Co.* (7th Cir. 1961), 295 F.2d 789, 790-91, plaintiff Stangle's car was struck by one of the defendant's trains. Subsequently a passenger in Stangle's car sued both Stangle and the railroad. At the trial of the passenger's cause, a special interrogatory was submitted to the jury with respect to whether Stangle was willfully and wantonly negligent in the operation of the car. The jury answered the special interrogatory "yes" and found against both defendants. Thereafter, Stangle sued the railroad. The trial court granted the railroad's motion for summary judgment on the ground that the prior adjudication estopped Stangle from maintaining his action. The United States Court of Appeals, in affirming the district court's judgment, relied upon *Rose v. Dolejs*, 7 Ill.App.2d 267, 129 N.E.2d 281, and stated:

> "Whatever the law may be elsewhere, in Illinois parties need not be arrayed on opposite sides in the prior litigation, nor formal issues there drawn between them by cross pleadings for collateral estoppel to apply."

The above principles were applied by this Court in *Lynch v. Chicago Transit Authority*, 62 Ill.App.2d 220, 223, 210 N.E.2d 792, 793, which involved a collision between Lynch's car and a Chicago Transit Authority bus. In the original action a passenger on the bus brought an action against both Lynch and the Chicago Transit Authority and the jury returned a verdict for the passenger against both defendants. Subsequently in Lynch's action against the Chicago Transit Authority this Court in applying the estoppel doctrine cited *Rose v. Dolejs*, 7 Ill.App.2d 267, 129 N.E.2d 281 and stated:

> "The parties in this suit were both parties in the prior suit. The determinative question in the instant case is the same as one of the issues necessarily decided in the prior suit. In order to recover in the instant case, Lynch must allege and prove that he was in the exercise of ordinary care. This issue is precisely the same as the issue decided by the jury in the prior case, where, in render-

ing a verdict against Lynch, the jury must necessarily have decided that Lynch was not in the exercise of ordinary care at the time of the collision."

In the present case, in order to recover from Ceco on the theory of active-passive negligence as alleged in Count I of its third-party action, Marhoeffer must prove active negligence on the part of Ceco as to Mrs. Karon. This issue is however, precisely the same issue which Judge Shamberg decided when he found that Ceco was "not guilty of any negligence which proximately caused the injuries and/or occurrence complained of by Mrs. Karon." Moreover, as to Count II of the third-party complaint seeking indemnification only as a result of negligent operations of Ceco, the finding of Judge Shamberg that there was no such negligence does not give rise to any contractual liability of Ceco to Marhoeffer.

We are of the opinion that the trial court was correct in striking and dismissing the third-party complaint of Marhoeffer and the judgment is affirmed.

Judgment affirmed.

EGAN and HALLETT, JJ., concur.