ALLAN ENBLOM, Plaintiff, v. MILWAUKEE GOLF DEVELOPMENT, Defendant and Third-Party Plaintiff-Appellant (Inland Construction Company, Third-Party Defendant-Appellee).

First District (5th Division)   No. 1—90—0713

Opinion filed March 20, 1992.

Charles F. Redden, of Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers and Andrew G. Witik, of counsel), for appellant.

Robert L. Bartolone and Sandra Young, both of Purcell & Wardrope, Chartered, of Chicago, for appellee.

JUSTICE GORDON delivered the opinion of the court:

Defendant and third-party plaintiff Milwaukee Golf Development (hereinafter Milwaukee Golf) appeals from the trial court's denial of its motion to vacate the summary judgment entered for third-party defendant Inland Construction Company (hereinafter Inland) and from the denial of its motion for leave to file an amended third-party complaint against Inland. For the reasons set forth below, we affirm.

FACTS

On September 10, 1986, plaintiff Allan Enblom filed a complaint against defendant Milwaukee Golf for injuries he suffered when he fell on May 5, 1985, at the Golf Mill Shopping Center owned by Milwaukee Golf. Plaintiff alleged that he was injured when he fell while walking along the public sidewalk in the shopping center in front of the Hermann's Sporting Goods Store. Milwaukee Golf filed its answer to plaintiff's complaint on October 15, 1986, denying negligence.

On March 5, 1987, Milwaukee Golf was granted leave to file a third-party complaint against Inland. This complaint sought contribution from Inland, pursuant to the Joint Tortfeasors Contribution Act (Ill. Rev. Stat. 1987, ch. 70, par. 301 et seq.). Milwaukee Golf's third-

party complaint alleged that Inland was the general contractor performing work in and around the area of the shopping center where plaintiff fell.

The record does not indicate that Inland has filed an answer to Milwaukee Golf's third-party complaint. In fact, Inland contends that it was never served with the third-party complaint. However, the supplemental record filed by Milwaukee Golf contains a summons and certificate of service indicating that Inland was served in the third-party action on March 19, 1987.

Subsequent to the filing of Milwaukee Golf's third-party complaint, plaintiff amended his complaint to add Inland as a defendant. On July 28, 1987, Inland filed its answer to plaintiff's amended complaint, denying that it was performing construction work in the area where the plaintiff was injured at the time in question.

On July 13, 1988, Inland filed a motion for summary judgment directed at the plaintiff. The motion was accompanied by the affidavit of an executive and senior project manager of Inland, who stated that to his knowledge, Inland did not at any material time perform any construction work in the area where plaintiff was injured. He further stated that he believed that another contractor, Ragnar Benson, was the contractor performing the construction services alleged in plaintiff's amended complaint.

On July 21, 1988, Milwaukee Golf did not appear at a hearing on Inland's motion for summary judgment, and the motion was continued. On July 28, 1988, Milwaukee Golf again did not appear at the hearing, and the motion was again continued. On August 25, 1988, Milwaukee Golf was again absent. At this hearing, plaintiff's counsel asked for an additional 28 days in order to learn from Milwaukee Golf's attorney if Inland was the contractor involved at the site of plaintiff's fall. The judge set the motion for a *final status* hearing on September 28, 1988.

The record reveals that on August 30, 1988, counsel for Inland wrote to counsel for Milwaukee Golf, informing him that the motion had again been continued, and that a final hearing was to be held on September 28, 1988. The letter also requested that Milwaukee Golf provide any information it had which might contradict the affidavit supporting Inland's summary judgment motion.

On September 22, 1988, counsel for Milwaukee Golf wrote to his client, asking for any information regarding construction work done by Ragnar Benson, the company which Inland said was working in the area when the plaintiff was injured. On September 27, 1988, Milwaukee Golf responded by sending a copy of its contract with Ragnar

Benson to its attorneys. By the terms of that contract, Ragnar Benson did not begin work until June 1, 1985, almost a month after plaintiff was injured.

On September 28, 1988, counsel for Milwaukee Golf did not appear at the "final status" hearing on Inland's motion for summary judgment. Inland's motion for summary judgment against the plaintiff was granted. The order stated "all parties having due notice, Melvin Friedman [attorney for plaintiff] being present in court on behalf of the plaintiff *** that defendant Inland Construction Company is granted summary judgment in its favor and against plaintiff Allan Enblom."

On October 6, 1988, attorneys for Milwaukee Golf wrote to Inland, indicating that contrary to the affidavit supporting Inland's motion for summary judgment, Ragnar Benson was not working in the area when plaintiff was injured. Milwaukee Golf also requested a copy of the September 28, 1988, order.

On January 6, 1989, Milwaukee Golf filed a motion to vacate the September 28, 1988, order granting summary judgment to Inland, and requested leave to file an amended third-party complaint. The proposed amended third-party complaint does not appear in the record. Submitted with the motion to vacate was an affidavit from Milwaukee Golf's controller in which he stated that "a review of the contracts maintained by Milwaukee Golf Development Company shows that on May 5, 1985, Inland Construction Company was and had been acting as the general contractor on a construction project for the Main Street store. The Main Street store was and is immediately adjacent to the location of Plaintiff's claimed fall: 'near and at the entrance to Hermann's World of Sporting Goods.' " A copy of the contract with Inland was also submitted with Milwaukee Golf's motion. The affidavit also stated that a review of all the contracts maintained by Milwaukee Golf indicated that no other construction was being performed in the area at the time of plaintiff's accident.

A hearing was held on February 15, 1989, to consider Milwaukee Golf's motion to vacate the summary judgment order and for leave to file its amended third-party complaint. The motion was denied because Milwaukee Golf had not indicated why it could not have presented the proffered evidence at the time of the hearing on Inland's motion. The following colloquy occurred:

> "THE COURT: Are you bringing in evidence today that you would have presented then, but for the fact that nobody was here on behalf of Milwaukee, or are you presenting something that you did not have on that day?

MILWAUKEE GOLF COUNSEL: We are presenting something new that we didn't have on that day.

THE COURT: Then do you lead in your motion why you didn't have it then?

COUNSEL: Just that our investigation continued, and then we came up with it.

THE COURT: That's no reason to vacate any order because you have to show—in other words there is no end to any trial or summary judgment hearing. And when you come in on a motion to vacate a judgment that has been entered by virtue of a fact motion, whether its a 1105 [*sic*] or 619, and present evidence, you have to indicate why you could not present that evidence at the time of the hearing. Without that, I have to deny your motion."

On February 21, 1989, Milwaukee Golf filed a "motion for clarification and for reconsideration" of the February 15, 1989, ruling. Milwaukee Golf sought clarification as to whether the September 28, 1988, summary judgment applied to Milwaukee Golf as well as to plaintiff. At a hearing held September 25, 1989, this motion was also denied, the court ruling that it had already reconsidered its September 28, 1988, order granting summary judgment at the February 15, 1989, hearing. The court also refused to vacate its February 15, 1989, order denying Milwaukee Golf leave to file its amended third-party complaint.

Milwaukee Golf filed another motion on October 16, 1989, this one seeking to vacate the February 15, 1989, order and seeking leave to file its amended third-party complaint. On January 12, 1990, this motion was denied.

Finally, on February 20, 1990, Milwaukee Golf filed a motion to have the January 12, 1990, order made final and appealable. At a hearing on the motion, the judge ruled that he would make his February 15, 1989, order denying Milwaukee Golf's motion to vacate the summary judgment and leave to file its amended third-party complaint appealable, and the court inserted the appropriate Rule 304(a) (134 Ill. 2d R. 304(a)) language.

OPINION

■ Although the parties have not raised the question of our jurisdiction to consider this appeal and in their briefs agree that jurisdiction exists under Rule 304(a) (134 Ill. 2d R. 304(a)), we must consider it. (*Raglin v. HMO Illinois, Inc.* (1991), 217 Ill. App. 3d 1076, 578 N.E.2d 108.) Were this matter before us solely on the question of the

propriety of the denial of leave to file an amended third-party complaint, we would be without jurisdiction since such a denial would not constitute a "final judgment as to one or more but fewer than all of the parties or claims" (134 Ill. 2d R. 304(a)), notwithstanding the Rule 304(a) language in the order. There is nothing in the record to indicate that the original third-party action has been disposed of. "The fact that an order contains that language does not make an otherwise nonfinal order appealable." (*Metzger v. Fitzsimmons* (1988), 175 Ill. App. 3d 674, 675, 529 N.E.2d 1179.) At best, this appeal would be interlocutory only and there would be no showing of compliance with any of the requirements of Rule 308. 134 Ill. 2d R. 308. See also *Camp v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 1107, 1111, 403 N.E.2d 704 ("[i]n order for the appellate court to choose whether it will hear an appeal from an interlocutory order, an application for permission to appeal must be filed with the clerk of the appellate court").

However, Milwaukee Golf's notice of appeal also includes the denial of its motion to vacate the summary judgment, an appeal over which we do have jurisdiction. While an order denying a post-judgment motion is not itself an appealable order (*Sears v. Sears* (1981), 85 Ill. 2d 253, 422 N.E.2d 610), we may consider the notice of appeal as also encompassing the summary judgment ruling. (See *Ingle v. Hospital Sisters Health System* (1986), 141 Ill. App. 3d 1057, 1060, 491 N.E.2d 139 ("we may treat the notice of appeal [purporting to be from the denial of the post-judgment motion for reconsideration] as a notice of appeal of the underlying judgment").) In addition, the Rule 304(a) language which by its terms refers only to the post-judgment order denying the motion to vacate may also be considered as intended to cover the underlying summary judgment so as to make that order, which was final but unappealable, appealable. (*Ingle*, 141 Ill. App. 3d 1057, 491 N.E.2d 139.) Although Milwaukee Golf does not raise as an issue on appeal the initial propriety of the summary judgment ruling, yet as a result of concluding that the summary judgment is appealable, we may consider the denial of the motion to vacate that judgment, since "on appeal of the judgment the appellant may bring up all related orders entered before the notice of appeal and not previously appealable, including the denial of a post-judgment motion." (*Sears*, 85 Ill. 2d at 258.) As a result of our determination that we have jurisdiction over the appeal of the denial of the motion to vacate the summary judgment, we have permitted ourselves to comment substantively on the issue of leave to amend due to the effect of the summary judgment on the motion for leave to amend.

■ It is Milwaukee Golf's position that the sole reason leave to file the amended third-party complaint was denied was the delay in moving to amend. Milwaukee Golf argues that leave to amend should not be denied solely because of delay in seeking such leave, and that the trial court's failure to consider the merits of the proposed amended complaint constituted an abuse of discretion. (*Cvengros v. Liquid Carbonic Corp.* (1981), 99 Ill. App. 3d 376, 425 N.E.2d 1050.) We agree with the *Cvengros* court that denial of leave to file an amended complaint solely because of delay in seeking such leave without a showing of prejudice other than mere inconvenience to the opposing party could be an abuse of discretion. (See also *Merrill v. Drazek* (1978), 58 Ill. App. 3d 455, 374 N.E.2d 792; *Banks v. United Insurance Co.* (1975), 28 Ill. App. 3d 60, 328 N.E.2d 167.) However, the record indicates that delay was not the sole reason for the denial here. Rather, by virtue of the summary judgment granted in Inland's favor against the plaintiff, Milwaukee Golf is collaterally estopped from asserting a claim for contribution against Inland.

Parties do not have to be on opposite sides for collateral estoppel to apply. (*Rose v. Dolejs* (1955), 7 Ill. App. 2d 267, 129 N.E.2d 281.) Inland and Milwaukee Golf were codefendants under plaintiff's amended complaint. Inland, in its role as defendant, was granted summary judgment against the plaintiff. The fact that Milwaukee Golf did not resist the efforts of its codefendant Inland to obtain summary judgment does not preclude the application of collateral estoppel to Milwaukee Golf's third-party complaint for contribution. (See *Karon v. E.H. Marhoeffer, Jr. Co.* (1973), 14 Ill. App. 3d 274, 302 N.E.2d 478 (defendant who had notice and opportunity to participate in hearing on codefendant's motion for summary judgment against plaintiff is collaterally estopped from bringing third-party suit against codefendant for indemnification). See also *McLellan v. Columbus I-70 West Auto-Truckstop, Inc.* (N.D. Ill. 1981), 525 F. Supp. 1233; *La Salle National Bank v. Fitzgerald* (1973), 15 Ill. App. 3d 1016, 305 N.E.2d 355.) Milwaukee Golf has not argued that it did not have an opportunity to participate in the hearings on Inland's motion, nor does it contend that it had no notice of the summary judgment motion. The order granting summary judgment for Inland specifically stated "all parties having due notice." As a result, the summary judgment is conclusive against Milwaukee Golf.

The summary judgment in Inland's favor against the plaintiff constitutes a determination that Inland is not liable to the plaintiff. Consequently, Milwaukee Golf is collaterally estopped from maintaining an action for contribution against Inland. Third-party liability in contribu-

tion can exist only where the party from whom contribution is sought is "subject to liability in tort" to the injured party. (Ill. Rev. Stat. 1987, ch. 70, par. 302(a) ("where 2 or more persons are *subject to liability in tort* arising out of the same injury to person or property, \*\*\* there is a right of contribution among them." (Emphasis added).) See also *Jodelis v. Harris* (1987), 118 Ill. 2d 482, 517 N.E.2d 1055.) It follows that there can be no cause of action for contribution from Inland to Milwaukee Golf since Inland has already been adjudged not liable to the plaintiff. (See *McCombs v. Dexter* (1989), 186 Ill. App. 3d 484, 486, 487, 542 N.E.2d 1245 ("the basis for a contribution claim is the potential liability of both the person seeking contribution and the person from whom contribution is sought"; where one codefendant was granted summary judgment, "the potential for [its] tort liability was extinguished \*\*\* [and] there is no longer any basis for \*\*\* contribution action").) As a result, any third-party complaint against Inland for contribution must fail to state a cause of action.

■ Moreover, we note that the proposed amended third-party complaint is not included in the record on appeal. Inland correctly contends that this constitutes a waiver of Milwaukee Golf's right to have this court consider the denial of leave to amend. Milwaukee Golf would urge that its failure to include the proposed pleading should not act as a waiver in view of the fact that the amendment was tendered to the trial court with the motion to vacate and for leave to amend, although the merits of the amended complaint were not considered due to the court's ruling on the grounds of delay alone. However, the rule is clear that, without having the proposed amendment before us, we cannot review the trial court's exercise of discretion blindly, but must assume that the refusal to permit the amendment was proper. *Lowrey v. Malkowski* (1960), 20 Ill. 2d 280, 285, 170 N.E.2d 147 (court held that it was "powerless to review the exercise of discretion by the trial judge, as plaintiffs have failed to incorporate their proffered amendment in their record on appeal"). See also *Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 521, 513 N.E.2d 387; *Teter v. Clemens* (1986), 112 Ill. 2d 252, 260-61, 492 N.E.2d 1340.

Milwaukee Golf conceded in oral argument before this court that in order to file its amended third-party complaint, it is necessary to vacate the order for summary judgment granted to Inland. The question, therefore, is whether the court properly denied Milwaukee Golf's motion to vacate the summary judgment order, and as discussed below, we conclude that it did.

A motion to vacate is timely if made within 30 days of the order to be vacated. (*Cvengros v. Liquid Carbonic Corp.*, 99 Ill. App. 3d at 381.) Here, Milwaukee Golf's motion to vacate the September 28, 1988, grant of summary judgment was not filed until January 6, 1989, more than three months after entry of the order it sought to vacate. As a result, the motion was not timely.

In addition, Milwaukee Golf has offered no explanation other than its "continuing investigation" as to why the evidence presented in support of its motion to vacate was not presented earlier in opposition to Inland's summary judgment motion. "The submission of a new matter on such a motion after a motion for summary judgment has been granted lies in the discretion of the trial court [citation], but it should not be allowed in the absence of a reasonable explanation of why it was not available at the time of the original hearing." (*Delgatto v. Brandon Associates, Ltd.* (1989), 131 Ill. 2d 183, 195, 545 N.E.2d 689; see also *Fister/Warren v. Basins, Inc.* (1991), 217 Ill. App. 3d 958, 966, 578 N.E.2d 37.) Milwaukee Golf submitted the affidavit of its controller and its contract with Inland for construction at the store next door to the one where plaintiff was injured. Milwaukee Golf offered no reason other than its continuing investigation to explain why an affidavit of one of its own employees and the Inland contract which was presumable under Milwaukee Golf's control were not presented earlier, either at the hearings on the summary judgment motion or within 30 days of the order granting summary judgment. There is nothing in the record to indicate that the Inland contract was unavailable to Milwaukee Golf prior to January of 1989 when it filed its motion to vacate. (See *Kosten v. St. Anne's Hospital* (1985), 132 Ill. App. 3d 1073, 1080, 478 N.E.2d 464 ("[a] motion to vacate is properly denied where the evidence was in the movant's possession and could have been presented prior to judgment"); see also *Day v. Curtin* (1989), 192 Ill. App. 3d 251, 548 N.E.2d 670.) Moreover, from the fact that Milwaukee Golf filed a third-party complaint against Inland in March of 1987, it is logical to assume that it was aware of the contract at that time. As a result, we find no abuse of discretion in the trial court's denial of Milwaukee Golf's motion to vacate the summary judgment.

Accordingly, for all the above reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

McNULTY, P.J., and LORENZ, J., concur.